(7 Misc. Rep. 98.)

### LYSTER v. PEARSON.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. SERVICE OF SUMMONS—DESIGNATION OF ANOTHER TO RECEIVE.
   Under Code Civ. Proc. § 430, providing that a resident of the state may, in writing, designate a person to receive service of summons during his absence from the United States, and may file such designation, together with the written consent of the person designated, in the office of the county clerk, a designation is invalid where neither it nor the written consent of the person designated was filed, and the person making the designation never went beyond the limits of the United States.

2. SAME—SUFFICIENCY AS POWER OF ATTORNEY.
   Where the language of a paper providing for service of summons on the person named therein shows that it was intended as a designation under Code Civ. Proc. § 430, but it does not comply with the statute, it will not be given effect as a power of attorney to receive service.

3. SAME—WITHDRAWAL OF SERVICE.
   A withdrawal of service of summons cannot be recalled where defendant had acted on the notice of withdrawal by failing to move to set aside the service, as he could have done.

Appeal from city court, general term.

Action by Frederick Lyster against Aylma Y. Pearson for breach of contract. From an order of the city court (26 N. Y. Supp. 77) affirming an order opening a default, and vacating the judgment entered thereon, on condition that defendant pay plaintiff's attorney $15 and serve his answer within six days, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Artemas B. Smith, for appellant.
Charles B. Page, for respondent.

BOOKSTAVER, J. The order from which the original appeal below was taken was entered upon a motion made by appellant to vacate the judgment entered against him as void for want of jurisdiction of defendant, and for its improper entry. The order at special term directed that the "default be opened," etc., on condition that the appellant pay plaintiff's attorneys $15, and serve his answer in six days; otherwise, that the motion be denied. This appeal is taken to review so much of the order as imposes conditions upon the setting aside of the judgment, thereby, in effect, adjudging that the process was served upon the defendant. The judgment sought to be vacated was entered as by default, and was not based upon the personal service of the summons upon the defendant, but upon an alleged service upon Charles Mortimer, the person claimed by respondent to have been designated by said defendant, according to law, to receive summonses for him. The instrument alleged to be a designation is contained in the judgment roll, and was never filed with the county clerk, nor does it appear to have been accompanied by any written consent of the person designated, executed, or filed according to law. It also appears from the appeal book that the appellant has not been outside of the United States. Respondent, both on the argument and in his brief, practically conceded that the order was appealable to this court, as it affected a substantial right. A motion to vacate the judgment was the proper remedy. The questions raised here could not be raised by an answer or demurrer. 1 Wait, Pr. p. 541, § 2; Vilas v. Railroad Co., 123 N. Y. 450, 25 N. E. 941. It was conceded that there was no personal service on the defendant; but it is claimed that Charles Mortimer was duly designated as the proper person upon whom to serve a summons in his stead. Section 430 of the Code, which regulates such designation, is as follows:

"A resident of the state of full age may execute under his hand and acknowledge in the manner required by law to entitle a deed to be recorded, a written designation of another resident of the state as a person upon whom to serve a summons or any process or other paper for the commencement of a civil special proceeding in any court or before any officer during the absence from the United States of the person making the designation, and may file the same with the written consent of the person so designated, executed and acknowledged in the same manner, in the office of the clerk of the county where the person making the designation resides. The designation must specify the occupation or other proper addition and the residence of the per-

son making it, and also the person designated; and it remains in force during the period specified therein if any, or if no period is specified for that purpose, for three years after the filing thereof.   *   *   *"

The affidavits in this case show that the original designation of the defendant was never filed in the office of the county clerk. They also show that the written consent of the person so designated was never executed, acknowledged, and filed in the office of the county clerk. We therefore think the designation was not valid under the provisions before quoted, and that Mortimer was never properly designated as the person upon whom the summons in this action could be served. It also appears from the affidavits in the case that the defendant had not gone beyond the limits of the United States when the process was served. For these reasons the court below never acquired jurisdiction of the appellant, and the judgment was absolutely void. Read v. French, 28 N. Y. 285, 294, 295. The same conclusion was reached in a precisely similar case in the special term of the supreme court, in Lynch v. Pearson.[1] But the court below evidently proceeded upon the theory that although the designation might not be valid under section 430 of the Code, yet it was good as a power of attorney, and the service of the summons upon Mortimer was proper for this reason. We know of no law which forbids a party, if he chooses to do so, to waive the right of personal service, and give a power of attorney to another to receive it in his stead. Where one expects an action to be brought against him he frequently notifies his adversary that the summons may be served upon attorneys designated by him, and such service would doubtless be held good; but, where an adversary relies upon such a power, he must at all times be ready to show its validity, and that the power of attorney was in force at the time of making the service. We think the paper bears internal evidence of not having been executed as a mere power of attorney, but rather as a designation, under section 430 of the Code, as its language and various provisions entirely conform to this view of it. But it is clear from the appeal book that this power of attorney or designation was never delivered to Mortimer for use. The defendant says in his affidavit, and it is uncontradicted—

"That the said paper was left by me at my said office, of which said Mortimer had charge, but I expressly told the said Mortimer, and instructed him, that the said designation should not be used by him in any manner, nor should the same be filed,   *   *   *   until such time as I shall be traveling outside the United States, and should notify and instruct him by letter to take the designation to my regular counsel, Messrs. Smith, Bowman & Close, and have them perfect the designation by filing said paper in the office of the county clerk of the city and county of New York; that said Mortimer told me he would obey my instructions, and I relied upon his so doing, as I then believed him to be trustworthy. I have never changed or modified the instruction to the said Mortimer that the said Mortimer should deliver the said designation which I executed as aforesaid, either to the plaintiff or his attorneys; and, if the said Mortimer has delivered the said designation which I executed as aforesaid, either to the plaintiff or his attorneys, he has acted contrary to my directions, and wholly without authority from me, and I repudiate his act in so doing."

[1] See note at end of case.

It is clear from the foregoing that the paper was simply left at defendant's office with express instructions that he should not use it until notified to do so. and that the instrument was never delivered or intended to be used, either by the defendant or Mortimer, except in the case specified. A delivery and acceptance of that paper was essential to its validity for any purpose. The appellant had a right to leave the instrument in his office, and impose conditions upon its use or taking effect. Pendleton v. Hughes, 65 Barb. 145; Crawford v. Bank, 100 N. Y. 55, 2 N. E. 881. Equally fatal to the so-called designation or power of attorney is the positive proof that Mortimer never accepted it.

But, even if good as a power of attorney, we think that plaintiff waived his right to take any judgment. After the service of the summons upon Mortimer, the plaintiff, by one of his attorneys, told one of defendant's attorneys that no further attention need be paid to the paper, and indorsed on the copy summons which had been served the words: "Withdrawn Aug. 15, 1893. Secor & Page,"— and returned the copy of the summons, so indorsed, to the defendant's attorney. The respondent's attorneys afterwards notified appellant's attorney that this withdrawal was withdrawn by them. There is no doubt that such notice would be good, provided the appellant had not acted upon it; but he had acted and relied upon the withdrawal, inasmuch as he made no motion to set aside the alleged service, as he could have done, and as it would have been his duty to have done but for the memorandum. After such a paper has been acted upon, it cannot be rescinded except by the permission of the court. Owen v. Cawley, 36 N. Y. 605, 606. Having arrived at this conclusion, it is unnecessary to determine whether or not the judgment was absolutely void, or voidable only, because it was entered by the clerk, and not by the court. The order appealed from should be reversed, with costs and disbursements, and should be remitted to the court below for proper action. All concur.

### NOTE.

The case of Lynch v. Pearson was decided December 21, 1893, in the supreme court, New York county, at chambers, by Mr. Justice Truax, whose opinion is as follows: "Section 430 of the Code of Civil Procedure provides that a resident of the state of full age may execute under his hand and acknowledge, in the manner required by law for a deed to be recorded, a written designation of another resident of the state as a person upon whom to serve a summons, or any other process or other paper, for the commencement of a civil special proceeding in any court, or before any officer, during the absence from the United States of the person making the designation, and may file the same, with the written consent of the person so designated, executed and acknowledged in the same manner, in the office of the clerk of the county where the person making the designation resides. The affidavit in this case shows that the written designation of the defendant was never filed in the office of the county clerk, and it also shows that the written consent of the person so designated never was executed, acknowledged, and filed in the office of the county clerk. Because of this failure so to file the written designation, and because of the failure of the person designated to execute and acknowledge a written consent, and because of the failure to file such written consent in the office of the county clerk, there was no person designated upon whom the summons in this action could be served. It is also to be noticed that the person designated can only be served during

the absence from the United States of the person making the designation. The affidavit of service upon which the judgment was entered does not say that the defendant was absent from the United States, and therefore the clerk of the court had no right to enter the judgment. The motion to vacate the judgment is therefore granted, with $10 costs."