## WHITE v. GLOVER.

(Supreme Court, Trial Term, New York County. March, 1909.)

1. DOMICILE (§ 5\*)—HUSBAND'S DOMICILE AS THAT OF WIFE.

A husband's domicile is prima facie that of the wife; but, when the necessity arises which justifies the wife in leaving him, she may acquire a domicile of her own.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 25, 26; Dec. Dig. § 5.\*]

2. DOMICILE (§ 8\*)—HUSBAND'S DOMICILE AS THAT OF WIFE—REBUTTAL OF PRESUMPTION.

Where it is shown that a husband and wife had been living apart for considerable time, that he had not contributed to her support, that she maintained a separate household in another state, that she intended during all these times to effect a permanent separation, and that their relations culminated in a divorce, such facts overcome the presumption of the wife's domicile being that of her husband.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 36, 37; Dec. Dig. § 8.\*]

3. JUDGMENT (§ 818\*)—FOREIGN JUDGMENT—JURISDICTION—EVIDENCE OF UNAUTHORIZED APPEARANCE.

Though suspicious circumstances in an action on a foreign judgment against a defendant not personally served with process indicate authority in her husband to appear for her as her attorney in the case, her positive testimony that she was not aware of the action until three years thereafter, and that she never authorized her husband to appear for her, is sufficient to avoid the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1474–1476, 1481; Dec. Dig. § 818.\*]

4. JUDGMENT (§ 818\*)—FOREIGN JUDGMENT—WANT OF JURISDICTION—PROOF OF UNAUTHORIZED APPEARANCE.

Where a judgment of a sister state is assailed on the ground that the court had not acquired jurisdiction, proof may be adduced that the appearance of an attorney in behalf of the defendant not personally served was not authorized.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1481; Dec. Dig. § 818.\*]

Action by one White against one Glover. Complaint dismissed.

C. B. Palmer, for plaintiff.

F. H. Van Vechten, for defendant.

GREENBAUM, J. Plaintiff sues to recover the sum of $14,905.30, the amount of a judgment alleged to have been entered against the defendant in the circuit court of the city of St. Louis, state of Missouri, on the 22d day of May, 1901. The summons was served on defendant by substituted service on May 14, 1898, at what was stated in the sheriff's return to be her "usual place of abode." The judgment roll shows that the defendant thereafter appeared by one John M. Glover, an attorney at law, who was her husband. The defense is that the defendant at the time of the alleged service was not a resident of or domiciled in the state of Missouri, and that the court never acquired jurisdiction over her, and that John M. Glover was never authorized to appear for her. It appears: That John M. Glover was a resident of Missouri on May 14, 1898; that his wife, for a period of upwards of

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a year before May, 1898, had lived separate and apart from her husband, at her home in Tuxedo, N. Y.; that her husband had not theretofore contributed to her support for at least two years; that she went to St. Louis about two months before May 1, 1898, and lived at a hotel in that city until about May 1, 1898, separate and apart from her husband; that the occasion for her return to St. Louis was to effect arrangements looking to a legal separation from her husband; that thereafter she continued to live separate and apart from her husband at various places in New York, Maryland, and Rhode Island; that in 1901 she obtained a divorce from her husband in Providence, R. I.; and that since May 1, 1898, she never visited the state of Missouri. The only testimony in behalf of plaintiff touching upon defendant's actual presence in St. Louis was that of the attorney of record in the Missouri case, upon which the judgment in suit was rendered, who testified that he saw the defendant on a street car in St. Louis, in company with her husband, on May 8, 1898. The attorney admitted that he had no personal acquaintance with the defendant, and that she had merely been pointed out to him as the wife of John M. Glover. The defendant testified that she was not in St. Louis after May 1, 1898, and at no time was on a car with her husband.

A husband's domicile is prima facie that of the wife; but, when the necessity arises which justifies the wife in leaving her husband, she may acquire a domicile of her own. Hunt v. Hunt, 72 N. Y. 217, 242, 243, 28 Am. Rep. 129. Although the proofs in this case are not clear as to the precise causes which led to the separation of defendant and her husband, it is, nevertheless, established that the parties had, in fact, been living separate and apart for a considerable period of time, that the husband had not contributed to his wife's support, that she had maintained a separate household at Tuxedo, that the intention of defendant during all these times was to effectuate a permanent separation, and that the relation of the parties culminated in a decree of divorce in 1901. I am of the opinion that the presumption of the plaintiff's domicile being that of her husband is overborne by the facts, and that in May, 1898, defendant was not, in fact, a resident of or domiciled in the state of Missouri.

As to the authority of John M. Glover to appear for defendant, it may be said that, while there are suspicious circumstances indicating an authority in Mr. Glover to appear for his wife, yet in view of defendant's positive testimony that she was not aware of the St. Louis action until 1901, and that she had never authorized her husband to appear for her, I am constrained to find that the appearance was not authorized. Where a judgment of a sister state is assailed on the ground that the court had not acquired jurisdiction, proof may be adduced that the appearance of an attorney, in behalf of a defendant not personally served, was not authorized. Vilas v. P. & M. R. R., 123 N. Y. 440, 445, 25 N. E. 941, 9 L. R. A. 844, 20 Am. St. Rep. 771. The facts established lead to the conclusion that the circuit court of St. Louis never acquired jurisdiction of the defendant. Matter of Kimball, 155 N. Y. 62, 49 N. E. 331.

The complaint must be dismissed.