Judgment vacated and further proceedings ordered as directed in opinion, without costs to either party.

---

JACOB D. NORLINGER AND OTHERS, RESPONDENTS, *v.* JOAQUIN DE MIER, APPELLANT, IMPLEADED WITH OTHERS.

*Unauthorized appearance for non-resident special partners, by direction of their general partner — set aside, instead of the special partners being remitted to their action against the attorney for the damages.*

A summons was served upon the general partner of a firm in an action against all its members; the general partner sent the summons to an attorney, who appeared for all the defendants, although such general partner had no authority from either of his copartners, who were special partners in the firm, and who were not residents of the State, to authorize an appearance by the attorney on their behalf. On an application by the special partners to have such notice of appearance set aside:

*Held,* that the rule, which remitted a party under such circumstances to an action against the attorney who had appeared without authority from him, had no application to the case of defendants, who were non-residents of the State which licensed the attorney.

That the court could not bring non-residents of the State within its jurisdiction by the unauthorized action of its own officers.

That the special partners were entitled to have the notice of appearance canceled and set aside.

APPEAL by the defendant, Joaquin De Mier, from an order made at a New York Special Term on the 17th day of April, 1889, and entered in the office of the clerk of the county of New York on the 4th day of May, 1889, denying a motion made by the said Joaquin De Mier to cancel the notice of appearance served by Messrs. Arnoux, Ritch & Woodford, as his attorneys in the above-entitled action.

*L. H. Arnold, Jr.,* for the appellant.

*F. W. Hinrichs,* for the respondents.

BARRETT, J. :

The defendants were sued as general partners. The summons was served upon Parraga only. He sent the summons to Messrs. Arnoux, Ritch & Woodford, responsible attorneys of this court, who appeared for all the defendants. They so appeared, without authority from either De Mier or De Castro, but they acted in entire good faith, believing that Parraga was authorized to retain them for all the defendants. Parraga's authority is now denied, and the defendants all insist that the partnership was special, that Parraga was the only general partner, while De Mier and De Castro were but special partners. It is quite clear on these papers that Parraga was not authorized to bring De Mier within our jurisdiction through the instrumentality of a legal appearance or otherwise. De Mier resided in Cuba and he knew nothing whatever of this suit. Indeed, it is doubtful whether Parraga intended to authorize these attorneys to appear for De Mier. He simply sent them the summons without explanation, directing them to defend. They did not know that the partnership was special, and they appeared for all the defendants upon the supposition that they were authorized to do so by one member of a general partnership acting for the firm.

De Mier now comes before this court, appearing specially for the motion, and claiming that his general partner had no authority to

appear for him or to retain counsel on his behalf; that he never in any manner, authorized the appearance, and thus he finds himself apparently within our jurisdiction without the service of process or authorized appearance. The question is, whether *in a direct proceeding like this* the notice of appearance should be set aside. If the circumstances were reversed, there can be no doubt of the rule in this State. We would not recognize a claim of jurisdiction asserted over one of our citizens by the unauthorized appearance of a foreign attorney. Whatever question there may be with regard to an unauthorized appearance *in our own courts for a resident of this State*, there is none with regard to such an appearance in the courts of other States.

In an action here upon a foreign judgment, the defendant may question the jurisdiction as matter of fact, may prove that he was not served with process within the foreign jurisdiction, and that he never authorized an attorney there to appear for him; and such proof will be fatal to the foreign judgment. (*Kerr* v. *Kerr*, 41 N. Y., 272; *Hoffman* v. *Hoffman*, 46 id., 30; *Borden* v. *Fitch*, 15 Johns., 121; *Starbuck* v. *Murray*, 5 Wend., 148.) The justice of a distinction in this respect between domestic judgments and judgments of sister states was questioned by RAPALLO, J., in *Ferguson* v. *Crawford* (70 N. Y., 261). Referring to the full faith and credit provision of the Constitution, he observed that the judgments of our courts in the cases above cited could " stand on no other logical basis " than a ruling that such was the common law, and presumably, therefore, the law of the sister State. But without considering the present case from the standpoint of *Denton* v. *Noyes* (6 Johns., 296), and the many critical examinations of that case with which the books abound, we think that the same rule should be applied here, which we insist upon when the situation is reversed. Having adopted the rule laid down in *Borden* v. *Fitch* (15 Johns., 121), and having firmly adhered to it in numerous cases, we certainly cannot question its propriety when applied to ourselves. Clearly we had no jurisdiction over De Mier *in personam*, and we could acquire none without an authorized appearance or personal service of process within the State. The old rule, which remitted a party to an action against the attorney, can have no application to non-residents of the State which licenses the attorney. The court

cannot well draw non-residents within its jurisdiction through the unauthorized acts of its own officers.

De Mier was, therefore, entitled to a cancellation of the notice of appearance, and to be left just where he was, without the jurisdiction, when the attorneys attempted to bring him in. The right to substitute other attorneys does not meet the case. We cannot say to the foreigner, you never voluntarily submitted yourself to our jurisdiction, but still it will be convenient to keep you here, and we will permit you to choose your legal agent. The incident of De Mier's presence within the State for a short time since the commencement of the suit calls for no special comment. He was not served with process while here, and he knew no more about the suit then than he did when he was in Cuba. That the plaintiffs might have served him if they had not relied upon the appearance is a mere speculation. Such considerations can have no bearing on the broad question of jurisdiction.

The order should be reversed, with ten dollars costs and disbursements, and the motion to cancel the notice of appearance granted unconditionally, with ten dollars costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion to cancel the notice of appearance granted unconditionally, with ten dollars costs.