BERNARD McKENNA, RESPONDENT, v. ELLEN DUFFY AND OTHERS, RESPONDENTS.

CHARLES SPENGLER, PURCHASER, APPELLANT.

*Judicial sale — purchaser excused from completing his purchase — unauthorized appearance of an attorney — the shares of the proceeds of sale in partition should be directed to be paid to the parties, not to the attorneys.*

The plaintiff and several of the defendants in an action of partition were non-residents of the United States. The non-resident defendants appeared by attorneys, but there was nothing in the judgment-roll showing the authority of such attorneys to appear for them.

The plaintiff's attorney died and an order was made substituting another attorney, but, so far as the record showed, without the consent of the plaintiff. This attorney died, and another attorney assumed to act for the plaintiff without any order of substitution.

*Held,* that a purchaser upon the sale should not be compelled to take the title.

That a judgment was irregular which provided that the share of a party in the proceeds of sale should be paid to the party or his attorney; section 1580 of the Code of Civil Procedure directing that the costs alone are to be paid to the attorney and the shares of the proceeds of the sale to the parties.

APPEAL by Charles Spengler, purchaser, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 5th day of March, 1892, denying his motion to be released from a sale under a judgment in partition.

*Reeves & Todd,* for Charles Spengler, purchaser, appellant.

*J. Woolsey Shepard,* for the plaintiff, respondent.

*Jeroloman & Arrowsmith,* for the defendants, respondents.

VAN BRUNT, P. J.:

It appears that on the 26th of October, 1884, one John McKenna died intestate in the city of New York seized of the premises in question. He left a widow, but no issue; and his only heirs-at-law were the plaintiff, two sisters and the children of two deceased sisters.

The plaintiff and several of the defendants are non-residents of the United States, and have never been served with process of any kind, the complaint being verified by the attorney of record. The non-resident defendants, however, appeared by attorney. The plaintiff's attorney having died, an order was made substituting a new attorney without the consent of the plaintiff, as far as the record shows, in violation of the rules of the court.

It is true that the attorney desiring to be substituted stated that he had a cablegram from the plaintiff wherein he was directed to appear for him and be substituted as his attorney; but no such cablegram was produced, and if produced would not be a compliance with the rule. This attorney having died, another attorney assumed to appear for the plaintiff without even the formality of a substitution. It further appeared that certain proceedings had been taken to declare the plaintiff a lunatic, which, however, did not result in a final adjudication upon that subject. The purchaser upon examining the title refused to take because of the pendency of the proceedings against the plaintiff; and also because no authority for the attorneys to appear in the partition suit was shown, and the parties, being non-residents and not served with process, might come in and show an unauthorized appearance and overthrow the judgment; and that upon the record the then present plaintiff's attorney had no authority to act.

Without at all discussing the validity of the objection in respect to the lunacy proceedings, it is sufficient to say that the objection to the title, because there is no evidence that the attorneys for the non-residents had right to appear, is well taken. In the case of *Vilas* v. *Plattsburgh and Montreal Railroad Company* (123 N. Y., 440) the

rule laid down in this court in the case of *Nordlinger* v. *De Mier* (54 Hun, 276) is expressly recognized, which was to the effect that a judgment obtained against a non-resident who has not been served with process, and has not authorized the appearance of an attorney, will be set aside as void.

The result, therefore, of compelling the appellant to take this title would be to throw upon him the burden of establishing the authority of these various attorneys to appear. We do not think that he is bound to take any such risk.

If the parties desire to proceed in this irregular way, as far as non-residents are concerned, they must put upon the record the evidence of the attorneys' authority to act before a purchaser can be compelled to take the title. The purchaser at a partition sale is entitled to purchase under a judgment which is binding upon the parties to the action, and cannot be compelled to take title under a judgment which several of those parties might, as a matter of right, claim should be set aside. As far as this purchaser is concerned, the judgment has no more validity than if it had been entered without any proof of service of the summons or any appearance by attorney of the non-resident defendants.

There is another objection to the regularity of the decree entered in this action, which, although not taken by the appellant, yet it is proper that this court should take notice of the same; and that is the direction in the judgment that the share of each party is to be paid to the party or to his attorney, evidently referring to his attorney of record.

This is in direct violation of the provisions of section 1580 of the Code. By section 1579 it is provided that where final judgment confirming a sale is rendered, the costs of each party to the action and the expenses of the sale must be deducted from the proceeds of sale, and each party's costs must be paid to his attorney. But when it comes to the distribution of the proceeds of the sale after deducting the expenses and costs chargeable against them, a different provision is made by section 1580, which provides that the proceeds of the sale, after deducting therefrom the costs and expenses, must be awarded to the *parties* whose rights and interests have been sold, in proportion thereto, and not to the party or his attorney.

The intention is manifest that the costs and expenses are to be

paid to the attorney, and the balance of the proceeds to be paid to the parties, and must be so awarded by the final judgment or decree. In the case at bar the award is to the party or his attorney, no regard being had to the distinction made in the sections of the Code above referred to between costs and principal.

The order appealed from should, therefore, be reversed, with costs and disbursements of the appeal, and the motion granted, with costs.

O'BRIEN, J., concurred.

BARRETT, J.:

The purchaser in his motion papers questioned the authority of the attorneys for the non-residents and stated that he had been unable to find any such authority. That, at least, put upon those seeking to uphold the judgment the burden of meeting such doubts by clear proof of authority, verified in such a manner as to furnish lasting evidence upon the record. It certainly was not the purchaser's duty to go or send abroad to find and file such record proof.

I also feel that a purchaser should not be required to take title in a case where the plaintiff's attorney was never apparently substituted by any order of the court, and where there is not the slightest record evidence of his right to enter the case at all.

Order reversed, with costs and disbursements of the appeal and the motion granted, with costs.