CARL J. STEPHANI, Respondent, *v.* JOSEPHINE STEPHANI, Appellant.

*Appointment of a committee for a life convict — contents of the petition — when an admission of service is insufficient — appearance for a non-resident — the attorney's authority must be shown — jurisdiction of court.*

A petition for the appointment of a committee of the estate of a life convict must show who are the heirs at law and next of kin of the convict, and a statement that certain persons mentioned in a petition are his next of kin is insufficient in the absence of a statement of facts showing how the alleged relationship arises. (Laws of 1889, chap. 401.)

An unacknowledged and unproved admission of the service of a notice of an application for the appointment of such a committee, purporting to be signed by such convict in the presence of a third person, in the absence of proof of the genuineness of either signature, is not due proof of the service of such notice upon him as required by statute.

An unacknowledged or unproved admission of service cannot be read in evidence.

By the appearance of an attorney for a non-resident, a court acquires no jurisdiction of the non-resident if it appears that such appearance was unauthorized, and the statement in the verification of a petition by such attorney that he is authorized to sign the same is insufficient.

Before a court takes possession of the property of a convict, every fact necessary to confer jurisdiction must be established by common-law proof, and the authority of an attorney to act for a non-resident client must be shown by proof which will not disappear upon the death of the attorney.

APPEAL by Josephine Stephani, the mother of a life convict, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 8th day of November, 1893, appointing a committee of the estate of Alphonse J. Stephani, a life convict.

*Nelson S. Spencer*, for the appellant.

*Horace Barnard*, for the respondent.

PER CURIAM:

On the 10th of April, 1891, Alphonse J. Stephani was convicted of the crime of murder in the second degree, and sentenced to imprisonment for life, under which judgment he is now confined. It is alleged in the petition by which these proceedings were insti-

tuted that eight persons, whose names are stated, are the next of kin of the convict, and that one of them is his mother and another is an uncle, but the relationship of the others to the convict is not stated, nor are any facts stated from which their relationship to him can be ascertained.

The statute under which this proceeding was instituted (Chap. 401, Laws of 1889) provides :

" § 1. Whenever any person has been convicted and sentenced to imprisonment in this State for life, the husband, wife, relatives or next of kin, or any creditor of such person, may apply to the Supreme Court, at a Special Term thereof in the judicial district in which said person resided at the time of his conviction, for the appointment of a committee of such person's estate, both real and personal.

" § 2. Such application shall be made upon personal notice of not less than twenty days to such convicted person, and to the district attorney of the county where the conviction was had, and upon notice to such other persons as would be entitled to notice of application for the probate of the will of such convicted person if he were then dead, leaving a will of real and personal property, to be given in like manner as notice of application for such probate. The application shall, among other things, set forth the amount of the property of such person, and the names and residence of his heirs at law and next of kin, as near as the same is known or can be ascertained by the applicant. Upon such application, and due proof of the service of the notice herein required, the court may, in its discretion, appoint a committee of the estate of such convicted person."

The statute requires that all persons have notice of the application who would be entitled to notice of an application to probate the will, or for letters of administration on the estate of the convict in case of his death. The statement that six of the persons mentioned in the petition are the next of kin of the convict is a conclusion, there being no facts stated showing how the alleged relationship arises.

There is no allegation in the petition showing that the persons named as next of kin answer the description of the term heirs at law of the convict, and the failure to allege in the petition, or to

prove on the return of the citation, who answered the description of heirs, and that all had been duly notified, was a fatal defect.

The statute requires that the application shall be made upon personal notice of not less than twenty days to the convicted person, and it also provides that a committee cannot be appointed until after the proof of the service of the notice has been made. There was no legal proof of service of the notice upon the convicted person. The only evidence of service was an admission, which purports to be signed by the convict, in the presence of Charles F. Durston. The admission is not acknowledged nor the genuineness of either signature proved in any way. This was not due proof of service of the notice required to be given by the statute.

There are also two of the alleged next of kin as to whom there is no proof of service. Their alleged admissions of service, not being proved, cannot be read in evidence.

Nor do we think that the court should act upon a petition of a non-resident signed only by his alleged attorney.

It is true that the attorney, in the verification of the petition, states that he is authorized to sign the petition, but that is only his conclusion the same as is his allegation in the petition as to next of kin. If the court was in possession of the evidence upon which the attorney concludes that he is authorized to appear for the non-resident it might be that it would come to a different conclusion from the attorney.

It is well settled that by the appearance of an attorney for a non-resident the court acquires no jurisdiction if it should appear that such appearance was unauthorized. (*Nordlinger* v. *De Mier*, 54 Hun, 276; *Vilas* v. *P. & M. R. R. Co.*, 123 N. Y. 440.) In the case at bar there is no competent evidence of the authority of the attorney to appear, his mere statement to that effect being no evidence of the fact, as above stated.

We think that before the court takes possession of the property of a prisoner every fact necessary to confer jurisdiction should be established by common-law proof, and certainly the authority of an attorney to act for a non-resident client should be shown by proof which will not disappear by the death of the attorney, and the whole proceeding declared null and void upon a disavowal by the alleged client.

The order appealed from should be reversed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., and O'Brien, J.; Follett, J., not sitting.

Order reversed, with ten dollars costs and disbursements.