(40 App. Div. 603.)

### MYERS v. PREFONTAINE et al.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

NONRESIDENTS—UNAUTHORIZED APPEARANCE—JURISDICTION.

    An unauthorized appearance by an attorney will not confer jurisdiction to render a judgment in rem against a nonresident's property.

Appeal from special term, Rensselaer county.

Action by Margaret Myers, as testamentary guardian of Francis E. Myers, under the will of Thomas Myers, deceased, against Charlotte Prefontaine and others. From an order denying a motion to vacate a judgment, defendant Prefontaine appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. D. Bailey, for appellant.
Lansing & Holmes, for respondent.

MERWIN, J. On the 28th September, 1898, judgment was entered in this action in favor of the plaintiff for the sale of certain real estate in the city of Troy for the payment of a lien or charge on

the property under the will of Thomas Myers, deceased, and for the payment of the costs of the action. The action was brought to establish the lien. The property, as appears by the allegations in the complaint, as well as in the moving papers of the appellant, was owned by the appellant. The judgment is in form similar to that usually entered upon the foreclosure of a mortgage. No judgment for any deficiency is ordered, nor was any asked for in the complaint. The appellant was not served with the summons. A notice of appearance for her was served upon the plaintiff's attorneys by a firm of attorneys; the latter claiming that such service was made at the request of plaintiff's attorneys, and that they, at the time of such service, notified the plaintiff's attorneys that they had no authority to appear for the appellant, and that such service was conditional upon their obtaining thereafter such authority. They did not obtain it, and subsequently served a notice withdrawing such appearance. This the plaintiff's attorneys refused to receive, and on the application for the judgment, after a controversy as to whether the service was conditional, and a hearing on that subject before a referee, it was held by the court that the service was not conditional. The appellant was a nonresident during the pendency of these proceedings, and was not within the state. She did not learn of the existence of the suit till about the time the judgment was entered, and then immediately took steps to set it aside. The attorneys who served the notice of appearance for her had not, as I think we must assume, any authority to do so. They, as well as the appellant, so testify in the moving papers; and this proof is not overcome by anything in the opposing papers that may be properly considered on the question. The proceedings in the controversy as to whether the notice was conditional do not bind the appellant, in the absence of proof of authority to appear.

The disposition of this appeal depends, I think, on whether the rule laid down in Vilas v. Railroad Co., 123 N. Y. 440, 25 N. E. 941, on the subject of appearances for a nonresident, is applicable to this case. In Denton v. Noyes, 6 Johns. 296, it was held that a domestic judgment rendered by a court of general jurisdiction against a party who had not been served with process, but for whom an attorney of the court had appeared, though without authority, was neither void nor irregular. The court, by the appearance, acquired jurisdiction of the person of the defendant, and the defendant could get relief only as a matter of favor. Of this case, and subsequent ones that follow it, it is in the Vilas Case said as follows:

"We are of opinion that a radical distinction exists between the cases hitherto decided and the present one, which prevents the application of the principle that in the case of a domestic judgment, strictly, a party not served, but for whom an unauthorized appearance was entered by an attorney, cannot, on these grounds, assail the judgment for want of jurisdiction. The distinction adverted to lies in the fact that, in the cases hitherto decided in this state arising on domestic judgments, the judgment rendered was 'against a citizen of the state who was within the jurisdiction, while in the present case the defendant in the judgment was at all times a nonresident, and out of the jurisdiction. * * * We are bound, under our decisions, to follow the doctrine of Denton v. Noyes in cases where it is strictly applicable. It is, as to such cases, stare decisis. But we are not disposed to extend the doctrine of that case to cases fairly and reasonably distinguishable; and the fact that

a defendant, against whom a judgment has been obtained here upon an unauthorized appearance by an attorney, and who was not served, was a nonresident during the pendency of the proceedings, and was not within the jurisdiction, does, we think, constitute such a distinction as renders the rule in that case inapplicable."

In the Vilas Case the judgment, which had been entered against a defendant upon an unauthorized appearance by an attorney, without service of process, was set aside absolutely. In Norlinger v. De Mier, 54 Hun, 276, 7 N. Y. Supp. 463, a similar doctrine was laid down, and an unauthorized appearance for a nonresident was set aside; it being said that the court cannot well draw nonresidents within its jurisdiction through the unauthorized acts of its own officers.

But it is said by the learned counsel for the plaintiff that in the Vilas Case a personal judgment had been taken, while in the present case no personal judgment was sought or taken; that the action is in the nature of an action in rem; and that, therefore, the rule in the Vilas Case is not applicable. The plaintiff, in order to bring the cause of action within the control of the court, was required to make substituted service of the summons, in the manner provided by law if personal service within the state could not be obtained. The unauthorized act of the attorney did not give the court jurisdiction to enter any judgment against the appellant. The argument on the part of the plaintiff is that, although the act of the attorney would not give the court jurisdiction to render a personal judgment against the appellant, still it would give the court jurisdiction to establish a charge on her real estate, and direct its sale for the payment of the charge and costs. This, if legal, would as effectually take her property as would a money judgment directly against her; and an act of the attorney which would not authorize the latter should not be held to authorize the former. It will hardly do to say that the appearance was good for one kind of a judgment against the appellant, and not for another, when each would materially affect her legal rights. If the subject of the judgment was such that the judgment could stand without any appearance or service at all, the argument on the part of the plaintiff might apply. That, however, is not this case.

Assume this to be a proceeding in rem; it is still an action, and the process must be served on the defendant according to law (Brown, Jur. § 40; Freeman v. Alderson, 119 U. S. 187, 7 Sup. Ct. 165), in order to confer jurisdiction on the court in the absence of an authorized appearance. This is not a case where a court gets jurisdiction by a seizure of the property. By the rule of the Vilas Case, the nonresident not within the jurisdiction of the court can dispute the authority of the attorney. If it is effectually disputed, it is of no more force than any act of any other unauthorized agent. The rule of the Vilas Case is a general one. There is no good reason for any limitation in the manner claimed by the plaintiff. If the court had no jurisdiction to grant, as to the appellant, the judgment complained of, then she, as matter of right, is entitled to have it set aside, and the appearance vacated.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.