DUIMO v. ARBUCKLE et al. (two cases).

(Supreme Court, Appellate Division, Second Department.   February 5, 1915.)

1. APPEARANCE (§ 8*)—REQUISITES—VOLUNTARY APPEARANCE.

A voluntary appearance, to be effectual to confer jurisdiction, in the absence of service of process, must be with knowledge that there is an action pending and with the intention to appear.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 23–41; Dec. Dig. § 8.*]

2. APPEARANCE (§ 9*)—GENERAL APPEARANCE—MODE.

A general appearance by defendant in an action can only be made in the manner prescribed by Code Civ. Proc. § 421.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*]

3. APPEARANCE (§ 19*)—GENERAL APPEARANCE—NONRESIDENTS.

Where a nonresident defendant was not served, and had not resided within the state since the commencement of the action, the court could not acquire jurisdiction of him by the unauthorized act of the attorneys for his codefendant in entering a general appearance in his behalf.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 79–82, 84–90; Dec. Dig. § 19.*]

Appeals from Special Term, Kings County.

Action by Joseph Duimo, as administrator, etc., of Adolph Lapa, deceased, against John Arbuckle and William A. Jamison, copartners, etc., and others.   From an order granting plaintiff's motion for judgment against defendant Jamison by default, and from an order denying said defendant's motion to vacate certain stipulations, in so far as they claimed to constitute a general appearance for him, on the ground that they were unauthorized, and inadvertently signed by attorneys who had no authority to appear for him, he appeals.   Reversed, and motions granted.

Argued before JENKS, P. J., and BURR, STAPLETON, RICH, and PUTNAM, JJ.

Edwin A. Jones, of New York City, for appellant.

Roderic Wellman, of New York City (Francis L. Wellman, of New York City, on the brief), for respondent.

RICH, J.   The defendant William A. Jamison appeals from two orders of the Special Term.   One is from an order granting plaintiff's motion for judgment against the appellant by default, based upon the assumption that the appellant has, through certain stipulations made by the attorneys for his codefendant, entered a general appearance and is in default in failing to plead.   The other order denies appellant's motion to vacate and set aside said stipulations, in so far as the same are claimed to constitute a general appearance for him, upon the ground that they were unauthorized, and that they were inadvertently signed by attorneys who had no authority to appear for him.

The action was brought against John Arbuckle and the appellant as copartners under the firm name and style of Arbuckle Bros.   The only defendant served was John Arbuckle, who appeared in the ac-

tion. Before the service of the complaint, the action as against Arbuckle and Jamison was discontinued by stipulation signed by the plaintiff's attorneys and "Nadal, Jones & Mowton, Attorneys for Defendants," and was continued against John Arbuckle and William A. Jamison as copartners doing business under the firm name and style of "Jay Street Terminal." Subsequently plaintiff's time to serve his complaint was extended by stipulation signed by the same attorneys as "Attorneys for Defendants," and it appears that at one time, when the case was on the calendar and inadvertently marked for inquest, a clerk in the office of Nadal, Jones & Mowton, without the knowledge of said attorneys, and not knowing that Jamison had never been served and that his principals had not been authorized to appear for him, without authority from any source, prepared a stipulation, entitling the action as against Arbuckle and Jamison as composing the firm of Arbuckle Bros. (as to whom the action had been discontinued), restoring the case to the calendar, to which he signed the name of "Nadal, Jones & Mowton, Attorneys for Defendant William A. Jamison." These several stipulations, with the exception of the last one, were prepared by plaintiff's attorneys, and the expression "Attorneys for Defendants" was written by them. They could not have been misled by the mistake (in writing the word "Defendants," instead of the word "Defendant") upon their part, because, after several of these stipulations had been made, one of the plaintiff's attorneys made an affidavit in the case, in which he stated:

"The only appearance herein has been by John Arbuckle, by his attorneys, Nadal, Jones & Mowton."

[1] It appears conclusively that Jamison was never served, that Nadal, Jones & Mowton were not authorized to appear for him in the action, that the stipulations for "Defendants" were mistakenly made, and the court obtained no jurisdiction upon which the action can be prosecuted against him. An appearance, to be effectual as a voluntary appearance conferring jurisdiction, in the absence of the service of process, must be with knowledge that there is an action pending and with the intention to appear therein. Merkee v. City of Rochester, 13 Hun, 157.

[2] It is not claimed by the learned counsel for respondent that Jamison appeared formally under section 421 of the Code, so as to give him a right to notice of subsequent proceedings, yet he claims that Jamison submitted to jurisdiction without formal notice of appearance. The answer to this is that it has been held in a number of cases that the general appearance of a defendant in an action cannot be made in any other manner than that prescribed by section 421 of the Code of Civil Procedure. Couch v. Mulhane, 63 How. Prac. 79; Valentine v. Myers' Sanitary Depot, 36 Hun, 201; Paine Lumber Co. v. Galbraith, 38 App. Div. 68, 55 N. Y. Supp. 971; Nathan Mfg. Co. v. Edna Smelting, etc., Co., 130 App. Div. 518, 114 N. Y. Supp. 1037.

[3] Jamison was a nonresident of the state when this action was brought, and has not resided in the state since its commencement, and the court cannot draw nonresidents within its jurisdiction through the

unauthorized acts of its own officers. Nordlinger v. De Mier, 54 Hun, 276, 7 N. Y. Supp. 463; Myers v. Prefontaine, 40 App. Div. 603, 58 N. Y. Supp. 70.

It follows, therefore, that the stipulations were mistakenly made, and that the unauthorized acts of the attorneys for Mr. Arbuckle conferred no jurisdiction over the defendant Jamison, and the order granting plaintiff's motion for judgment by default against the defendant William A. Jamison must be reversed, with $10 costs and disbursements, and motion denied, and the order denying the motion to vacate and set aside the stipulations is reversed, with $10 costs and disbursements, and the motion granted. All concur.