EMMA M. STOCK and Others, Respondents, v. WILLIAM DUNHAM MANN and Others, Respondents.

NATHAN RICHMAN, Purchaser, Appellant.*

Third Department, March 19, 1930.

*John J. McManus*, for the appellant.

*George H. Witbeck*, for the plaintiffs, respondents.

* Revg. 132 Misc. 474.

WHITMYER, J. The grounds are that a marketable title cannot be given because of fatal defects in the proceedings. The action is for the partition of certain premises in Albany, N. Y. It was commenced on November 17, 1925. Interlocutory judgment was rendered on November 1, 1927. The sale was on February 15, 1928. The sum of $68,100 was the bid and ten per cent was paid down. The deed was to be delivered on March 15, 1928, but the sale was not confirmed until April 14, 1928. By the order of confirmation the referee was directed to deliver the deed, upon compliance with the terms of sale. The purchaser objected to the proceedings in many respects. After some corrections, directed by the court, a deed was tendered on November 28, 1928, but he refused to accept it.

An action, with nine heirs at law as parties, was pending, when this one was commenced, but was discontinued later. The present one names fifty-three plaintiffs and about fifty-eight defendants, nearly all non-residents. Maternal relatives of the deceased, through whom the title is derived, claimed as against paternal relatives and they were grouped against each other. Nine defendants were personally served. Jurisdiction of the others was sought through authorizations to various attorneys to appear. The court heard the evidence, which was offered, and determined that both sides took. A decision was not made. The sale was confirmed upon application of the attorney for the plaintiffs and upon waivers and consents by the various attorneys, who appeared, and no party is questioning the proceedings. Many of the defects have been corrected under the order of the court, but two fatal ones remain.

It seems that Edith Kimball, named as a defendant, is an incompetent, although the complaint does not so allege and no proof was made to that effect. She resides in Providence, R. I., and it seems that a conservator or committee of her estate was appointed there on April 15, 1919. The summons was not served upon her and she did not authorize an attorney to appear for her in the action. A committee of her property had not been appointed in this State and the summons was not served upon the conservator or committee appointed in Rhode Island, but he assumed to authorize an attorney to appear for her. That authorization was without effect and jurisdiction of her was not obtained. (Civ. Prac. Act, §§ 218, 225, 226, 236; *Vilas* v. *P. & M. R. R. Co.*, 123 N. Y. 440, 453, 455; *Matter of Stephani*, 75 Hun, 188, 190; *Myers* v. *Prefontaine*, 40 App. Div. 603, 604.) Thus, the judgment is not binding upon her. A committee should be appointed in proceedings in this State. (*Matter of Neally*, 26 How. Pr. 402.) The appointment of the conservator as committee here, *nunc pro tunc*, as made, did not cure the defect. (*Mishkind-Feinberg Realty Co.* v. *Sidorsky*,

111 App. Div. 578, 583; *Dexter & Carpenter, Inc.,* v. *Lake & Export Coal Corp.,* 196 id. 766, 769; *Silver* v. *Lind Realty Co., Inc.,* 222 id. 768.)

Next, the complaint shows that Helen Kimball, an heir at law with a one sixty-eighth interest, survived the deceased, but that she died before the commencement of the action, leaving her surviving a brother, Arthur L. Kimball, her only heir at law. And it appears that no transfer tax has been fixed or paid on her interest. The tax is a lien and will remain so until it is paid, rendering the realty unmarketable until that time. (Tax Law, §§ 222, 224; *Midurban Realty Corp.* v. *F. D. & L. R. Corp.,* 247 N. Y. 307, 311; *Carey* v. *Keith, Inc.,* 250 id. 216, 219.) And the order directing that the proceeds of any share or interest, subject to transfer tax, be paid into court, until further order, does not remove the lien.

Finally, the delay in perfecting title for so long a time has been so unreasonable that the purchaser should be relieved.

The sale should be set aside, the purchaser should be relieved, and the matter should be remitted to Special Term for appropriate action.

Van Kirk, P. J., Hinman, Davis and Hasbrouck, JJ., concur.

Motion to dismiss appeal denied, with ten dollars costs. Orders reversed on the law, with ten dollars costs and disbursements, and matter remitted to Special Term where the parties may proceed as they are advised.