AMUSEMENT SECURITIES CORPORATION, Respondent, *v.* ACADEMY PICTURES DISTRIBUTING CORPORATION and Others, Defendants, Impleaded with VICTOR HALPERIN, Appellant.

First Department, May 7, 1937.

*Harold J. Sherman,* for the appellant.

*I. Maurice Wormser* of counsel [*Arthur J. Homans* with him on the brief; *Krellberg & Fiizsimons,* attorneys], for the respondent.

COHN, J. The appellant, a resident of California, moved to vacate and set aside a judgment as to him on the ground that he had not been served with process and had not authorized the appearance made in his behalf in the action. He asserts that the court did not obtain jurisdiction over his person and that the judgment entered against him is, therefore, void.

Plaintiff claiming infringement upon its rights in a motion picture named " White Zombie " brought an action for an injunction to restrain all defendants, of whom there were seven, from using for a picture production the title " Revolt of the Zombies." After a trial before a referee designated to hear and determine, a judgment was rendered against all defendants, including appellant, enjoining them from using the name and adjudging that they account to plaintiff for all profits and that they pay plaintiff the sum of $10,878.85 for damages and costs.

A motion was made before the referee by Fitelson & Mayers, Esqs., attorneys who appeared for some of the defendants, to dismiss the complaint as against appellant Victor Halperin upon the ground that the court had not acquired jurisdiction over that defendant. The referee denied this motion and set forth his reasons for such denial in the following language:

" The defendant Victor Halperin was not served with the summons and complaint herein, and no answer was served or filed on his behalf. At the conclusion of plaintiff's case, counsel for defendants Edward R. Halperin and Academy Pictures Distributing Corporation took the position that as a result the court had no jurisdiction over said defendant. However, it appears that the firm of Fitelson & Mayers, Esqs., in appearing in opposition to the motion for a preliminary injunction herein, named Victor Halperin in the initial paragraph of the answering affidavit of H. William Fitelson, Esq., verified May 27, 1936, as one of the defendants for whom they were appearing. The cover on the answering affidavits is endorsed ' Fitelson & Mayers, attorneys for defendants except R. K. O. Film Bookings and Producers Laboratories.' In connection with said motion for a preliminary injunc-

tion, said firm of attorneys appeared in open court for all of the parties defendant so mentioned in the answering affidavits, and thereafter submitted a proposed order in which, on page 2, there is the following: ' And after hearing  *  *  *  H. William Fitelson in opposition thereto, on behalf of all of the defendants except R. K. O. Film Booking Corporation.'

" The cover of said proposed order was endorsed ' Fitelson & Mayers, attorneys for defendants except R. K. O. Film Booking Corporation.' It will be noticed that the endorsement on the cover of the answering affidavits excludes two defendants whereas the cover on the proposed order excludes only one. That shows a consciousness respecting the defendants for whom said attorneys had authority to act, and argues against inclusion by inadvertence. The appearance of said attorneys in the manner aforesaid was an appearance on the merits, constituted a voluntary general appearance within the purview of section 237 of the Civil Practice Act, was equivalent to personal service and subjected the defendant Victor Halperin to the jurisdiction of this court." (162 Misc. 608.)

It is not denied that appellant has never been a resident of the State of New York but is a resident of the State of California and was in that State when the action was commenced and has remained there ever since; that he was never personally served with any form of process in the action; that he never personally appeared or submitted in any manner to the jurisdiction of the court other than by the alleged appearance of New York attorneys in his behalf; that he never verified any answer or signed any affidavit or any other paper in connection with any of the proceedings in the action and that he never appeared at the trial either as a party or as a witness. Appellant states that Fitelson & Mayers inadvertently used his name in connection with some papers in the action without his knowledge. Bertram A. Mayers, one of the members of that firm, submits an affidavit to that effect and swears that neither he nor any other member of the firm ever had authority of any kind to appear for appellant. If these attorneys appeared for Victor Halperin without authority, the court did not acquire jurisdiction over him and the personal judgment obtained against him is absolutely void *ab initio*. The rule is well settled that by the appearance of an attorney for a nonresident the court acquires no jurisdiction if it should develop that such appearance was unauthorized. (*Vilas* v. *P. & M. R. R. Co.*, 123 N. Y. 440; *Stock* v. *Mann*, 229 App. Div. 19, 20; affd., 255 N. Y. 100; *Duimo* v. *Arbuckle*, *Nos. 1 & 2*, 166 App. Div. 86; *Myers* v. *Prefontaine*, 40 id. 603; *Matter of Stephani*, 75 Hun, 188; *Nordlinger* v. *DeMier*, 54 id. 276.)

In view of the proof submitted by appellant, plaintiff is called upon to show that appellant in fact authorized the appearance. The conduct, acts or statements of the attorneys, presumably in appellant's behalf, whether inadvertent or deliberate, are not binding upon him in the absence of affirmative proof of authority to appear. (*Myers* v. *Prefontaine, supra,* at p. 604; *Matter of Stephani, supra,* at p. 190.) It must be shown that appellant, the non-resident party, himself did something directly or indirectly which conferred upon the New York attorneys the claimed authority to appear. This record is barren of any such proof.

The contention that the question involved here was previously decided by the learned referee at the trial and that such determination is *res adjudicata* is without merit. If the appearance of the attorneys before the referee for appellant was unauthorized, he could not be bound by the judgment. The court cannot draw non-residents within its jurisdiction through the unauthorized acts of its officers. A non-resident is entitled to have an unauthorized appearance set aside upon motion in the action and may have the judgment set aside absolutely and unconditionally upon a motion to vacate it. (*Vilas* v. *P. & M. R. R. Co., supra; Myers* v. *Prefontaine, supra; Duimo* v. *Arbuckle, supra; Nordlinger* v. *DeMier, supra;* 2 Carmody's New York Practice, § 756.)

The opinion of the referee sufficiently shows that the only basis for a finding that the court had jurisdiction over the person of appellant were the acts and statements of attorneys who, it is now claimed, were never directed to appear for him in the action. In the absence of proof of authority to act, the statements of the attorneys specified by the referee as the ground for his holding, were in no way binding upon appellant.

It would be inequitable and violative of his fundamental rights to hold that a resident of the State of California, never served with process of any kind and never appearing in the action tried in this State, should in any wise be bound by acts of attorneys in this jurisdiction who, as it is claimed, essayed to appear for him, without the slightest authority.

However, as plaintiff contends that there is proof available to establish that Fitelson & Mayers were specifically authorized to appear for Victor Halperin, we believe that opportunity to submit such proof, at which the attorneys, Fitelson & Mayers, may be called upon to give testimony, should be afforded plaintiff by a hearing before a referee. A full inquiry into all the circumstances surrounding the alleged inadvertent appearance may thus be had.

The order so far as appealed from should be accordingly modified by directing a hearing before a referee to be appointed by this

court to hear and report to Special Term whether Fitelson & Mayers were authorized by Victor Halperin to appear for him in the action, and upon the coming in of the report of the referee, proper disposition of the motion to set aside the judgment may then be made at the Special Term, and as so modified affirmed, without costs.

MARTIN, P. J., O'MALLEY, GLENNON and DORE, JJ., concur.

Order, so far as appealed from, unanimously modified by directing a hearing before a referee to be appointed by this court to hear and report to Special Term whether Fitelson & Mayers were authorized by Victor Halperin to appear for him in the action, and upon the coming in of the report of the referee, proper disposition of the motion to set aside the judgment may then be made at the Special Term, and as so modified affirmed, without costs.   Settle order on notice.