■ LAWRENCE S. ROSENBERG, as Executor of MARY ROSENBERG, Deceased, Appellant, v. ED CABAN et al., Respondents.— In an action to recover damages for personal injury, the plaintiff, as executor of the estate of Mary Rosenberg, the injured person, appeals from an order of the Supreme Court, Kings County, dated August 21, 1963, which granted defendant Caban's motion to vacate the service of the summons and complaint upon him, on the ground that the service was void by reason of the prior death of the injured person.

Order affirmed, without costs. It appears that Mary Rosenberg, a passenger in an automobile owned and operated by defendant Krimsky, sustained injuries when the latter's automobile collided with an automobile owned by defendant Caban and operated by defendant Garcia. The accident occurred on September 1, 1959. A summons and complaint were served on Krimsky on March 1, 1960. The latter served his answer on March 18, 1960. Mary Rosenberg died on September 24, 1960 from causes unrelated to the injuries. On October 27, 1960, by order of the Surrogate's Court, the present plaintiff, Lawrence S. Rosenberg, was appointed executor of her estate. Thereafter, on June 19, 1962, defendant Caban was served with a summons and complaint, in which Mary Rosenberg was named as plaintiff. Defendant Garcia was never served. On April 18, 1963, by order of the court, the original title of the action, in which Mary Rosenberg had been named as plaintiff, was amended to the present title so that the action could be continued by the executor. On July 1, 1963 defendant Caban moved to vacate the service of the summons and complaint upon him on the ground that the death of the named plaintiff, Mary Rosenberg, had antedated the service and, therefore, the court never obtained jurisdiction of the action. Special Term granted defendant's Caban's motion, resulting in the order appealed from. Under the circumstances stated, the order must be affirmed (see *MacAffer* v. *Boston & Maine R. R.,* 268 N. Y. 400; *Lawson* v. *L. R. Mack, Inc.,* 246 App. Div. 622). Beldock, P. J., Ughetta, Hill and Rabin, JJ., concur; Kleinfeld, J., dissents, and votes to reverse the order and to deny the motion, with the following memorandum: When the disputed service was effected, there was then in existence an executor of the deceased plaintiff's estate, who had been appointed more than 19 months before. The executor was qualified and competent to continue the action on behalf of the estate (Decedent Estate Law, § 119). Prior to the defendant Caban's motion to vacate the service, the title of the action had been amended by court order so as to name the executor as the party-plaintiff. In neither of the cases cited by the majority was there an estate representative in existence when service was attempted. Since here such a representative was in existence and legally empowered to prosecute the action, the mere omission of his name and office from the title of the action was at most an irregularity. As the movant showed no prejudice, and as the title of the action had been amended before the motion to vacate the service was made, the irregularity should be disregarded and the motion to vacate the service should be denied. (CPLR 2001; formerly Civ. Prac. Act, § 105; cf. *Grippo* v. *Di Vito,* 7 A D 2d 913).