■ LEONARD WICHLENSKI, Respondent, v SUSAN WICHLENSKI, Appellant.—In a matrimonial action in which the plaintiff husband was granted a judgment of divorce, the defendant wife appeals from so much of (1) an order of the Supreme Court, Kings County, entered December 15, 1977, as denied her motion to vacate the judgment of divorce and to dismiss the action for lack of jurisdiction over her person and (2) a further order of the same court, entered December 29, 1977, as, upon reargument, adhered to the original determination. Appeal from the order entered December 15, 1977 dismissed as academic, without costs or disbursements. That order was superseded by the order entered upon reargument (see *Doyle v Hamm*, 52 AD2d 899). Order entered December 29, 1977 reversed insofar as appealed from, without costs or disbursements, and action remitted to Special Term for a hearing in accordance herewith. On the court's own motion, Albert Finkelstein, as executor of the estate of Leonard Wichlenski, is substituted as plaintiff herein. On September 17, 1958 the parties married in the State

of New York. They separated in February, 1972 and thereafter entered into negotiations concerning a formal separation agreement. On June 30, 1973 the wife, Susan Wichlenski, signed a paper authorizing Louis Graynor, Esq., to represent her in connection with any matrimonial action between herself and her husband. The paper continued: "In the event that you are able to arrange for and have executed a separation agreement satisfactory to both me and my husband then you are authorized to receive summonses or other legal papers on my behalf in connection with any divorce proceeding." On July 31, 1974 the wife executed a separation agreement in Fulton County, Georgia, where she then resided. On August 15, 1974 the husband executed the same agreement in the State of New York. It provided in relevant part that the parties were to live separate and apart, that the wife was to have custody of the children, that the husband was to make certain support payments for the children, that the wife waived alimony, and that real property owned by the parties in Brooklyn was to be sold and the net proceeds divided two-thirds to the husband and one-third to the wife. On August 22, 1974 a summons and complaint in which the husband sought a judgment of divorce from the wife upon the ground of her cruel and inhuman treatment of him, were served by mail upon Louis Graynor, Esq. There is no proof of attempted service upon the wife, either personally or by mail. On September 10, 1974 Graynor served a notice of appearance on behalf of the wife upon the attorney for the husband in the divorce action. In February, 1975 the attorney for the husband applied to have the action placed upon the Uncontested Matrimonial Calendar based upon the representation that the wife had been served, that she had appeared by Louis Graynor, Esq., and that she had failed to serve an answer. Apparently that application was granted because the case came on for trial in the uncontested matrimonial part of the Supreme Court, Kings County, and, on March 20, 1975, a judgment of divorce was granted to the husband on the ground of cruel and inhuman treatment by the defendant wife. On September 16, 1975 the husband died of a heart attack. In March, 1976 the attorney for the husband, Albert Finkelstein, who had been named as executor in the will of the deceased, was granted preliminary letters testamentary in the Surrogate's Court, Kings County. Thereafter he attempted to wind up the affairs of the estate and to sell the Brooklyn property pursuant to the provisions of the separation agreement. During this time the wife apparently returned to New York and took over possession of the said property. The attorney for the husband found a buyer and entered into a contract of sale for the house. The wife refused to sign the deed or go through with the sale in any respect. Such was the situation when, on October 13, 1977, the wife moved to set aside the judgment of divorce and to dismiss the action upon the ground that the court lacked jurisdiction because she had not been personally served with process. The motion was supported by the affidavit of the wife, who alleged that she had never been personally served, that at the time the action was commenced she was living in Georgia, and that she did not know about the divorce judgment until after the death of her husband. She claimed that she did not want the divorce. In opposition to this motion the executor of the husband's estate revealed the existence of the June 30, 1973 letter in which the wife authorized Louis Graynor, Esq., to accept service of process in any divorce proceeding. He cross-moved to compel the wife to sign the deed to the marital residence and to account for the rents and profits thereof. The wife's motion to vacate the judgment of divorce was denied by Special Term. In a memorandum decision the court stated, in relevant part: "The wife's motion

to vacate the judgment against her and to dismiss the action is denied. Since it has been satisfactorily demonstrated that the appearance filed by the attorney Graynor on behalf of the defendant-wife in this action was authorized by her, and thus that she appeared through counsel, jurisdiction was acquired by the court notwithstanding the fact that the wife was not personally served with process (cf. *Vilas v Plattsburgh & Montreal Railroad Co.,* 123 N.Y. 440; *Myers v Prefontaine,* 40 App. Div. 603; *Amusement Securities Corp. v Academy Pictures Distributing Corp.,* 251 App. Div. 227, affd. 277 N.Y. 557; *Ross v Mitkoff,* 18 Misc 2d 972; see, also, 4 Carmody-Wait 2d, § 26:35). This conclusion is further warranted since a vacatur of the judgment rendered against the wife would not, in view of the husband's death, place the parties in statu quo ante but would have the effect of rewarding the wife notwithstanding that the judgment against her was founded upon an appearance by her then attorney which she authorized." The court denied the cross motion by the executor of the husband's estate without prejudice to the institution of a plenary action for the relief sought in the cross motion. On December 15, 1977 an order was entered upon the memorandum decision. The wife moved for reargument. Special Term granted reargument and adhered to the original determination denying the motion to vacate the judgment of divorce. Before addressing the substantive issue of this appeal, we must first deal with a preliminary procedural aspect of the case. Here the named party plaintiff died after the entry of the judgment of divorce and therefore the action did not abate (see 2 Carmody-Wait 2d, NY Prac, Abatement and Survival of Actions, § 11:26). However, the plaintiff is dead and substitution of his personal representative has not been effected. Upon the death of a party, all further proceedings are stayed until proper substitution *(Carolan v O'Donnell,* 141 App Div 463). Where proceedings take place in the case despite the death, it is generally held that those proceedings are invalid and void (see *Solomon v Kittay,* 11 AD2d 725). In the case at bar, the deceased plaintiff's attorney in the matrimonial action was named as the executor in the husband's will. He duly qualified as executor and acted in that capacity. Thereafter the wife moved in the matrimonial action to set aside the judgment of divorce. Although substitution of the executor had not been effected, he was served with the moving papers in his capacity as the attorney of record for the husband. He opposed the application on the merits. Since the deceased husband's personal representative was in existence at the time of the motion and since he opposed it on the merits, the defect in failing to first effect substitution was a mere irregularity (see *Rosenberg v Caban,* 16 NY2d 905, revg 20 AD2d 909). Upon oral argument of this case, counsel provided this court with a copy of the letters testamentary establishing that Albert Finkelstein is indeed the deceased plaintiff's personal representative. Under these circumstances, on the court's own motion, we order substitution of Albert Finkelstein in his representative capacity, as the party plaintiff in this action (see CPLR 1015, subd [a]). The substantive issue on this appeal is whether the matrimonial court had personal jurisdiction over the defendant. CPLR 318 provides, with respect to the designation of an agent for the service of process, as follows: "A person may be designated by a natural person, corporation or partnership as an agent for service in a writing with the consent of the agent endorsed thereon. The writing shall be filed in the office of the clerk of the county in which the principal to be served resides or has its principal office. The designation shall remain in effect for three years from such filing unless it has been revoked by the filing of a revocation, or by the death, judicial declaration of incompetency or legal termination of the agent or

principal." Prior to July 8, 1974, CPLR 308 (subd 3) specifically forbade the use of an agent for service in matrimonial actions. Effective that date, subdivision 3 was amended to provide that service upon an agent might be made in matrimonial actions if authorized by an order made in accordance with the provisions of subdivision a of section 232 of the Domestic Relations Law. In substance, subdivision a of section 232 of the Domestic Relations Law requires either personal delivery of the summons and complaint to the defendant or, upon an order directing the method of the service of summons, any other type of substituted service authorized by CPLR 308 or 315. In our opinion, service of the summons and complaint upon this defendant was defective. Although CPLR 318 authorizes the designation of a person as an agent for service of process, the designation must be in writing, must have the consent of the agent indorsed thereon, and must be filed in the office of the County Clerk. In this case the requirements of CPLR 318 were not complied with. Although there was a writing, the consent of the agent was not indorsed thereon and it was never filed in the office of the County Clerk. At least one case has held that strict compliance with the filing and indorsement provisions of the predecessor of this section is required *(Rosenthal v United Transp. Co.,* 196 App Div 540, 543). Other cases have held that the designation of an agent for service may be accomplished in other ways. Thus, such a designation may be accomplished by the terms of a contract even though the contract is not filed *(National Equip. Rental v Szukhent,* 375 US 311; *Fairfield Lease Corp. v Empire Employees Sunshine Club,* 74 Misc 2d 328); but here the designation was in a letter and not a contract between the parties. Similarly, such an agency for service of process may be accomplished by use of the statutory short-form power of attorney authorized by subdivision 6 of section 5-1502H of the General Obligations Law *(Torre v Grasso,* 11 Misc 2d 275). However, in this case the letter does not comply with the formal requisites of a short-form power of attorney (see General Obligations Law, § 5-1501). Even if there had been full formal compliance with the requisites of CPLR 318 governing designation of an agent, use of such an agency is authorized only where permission has first been obtained by order of the court (CPLR 308, subd 3; Domestic Relations Law, § 232, subd a). No such order was obtained and therefore the service of process was unauthorized. Special Term did not hold that the service of process was good. It did, however, hold that the notice of appearance filed upon defendant's behalf had the effect of waiving the jurisdictional defect. In our opinion this matter should be remitted to Special Term for a hearing on the question of whether defendant authorized her former attorney, Louis Graynor, to appear on her behalf and thereafter to default (see *Vilas v Plattsburgh & Montreal R. R. Co.,* 123 NY 440). The record before us is silent on this issue. The defendant wife's letter to Graynor authorizing him to receive legal papers does not explicitly authorize him to make an appearance or take any other action on her behalf. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.