■ ANTHONY NAPPI et al., Respondents, v GENE NAPPI, Appellant.—Order unanimously affirmed with costs. Memorandum: Plaintiff Anthony Nappi was injured when he slipped and fell on a porch covered with snow and ice. The property was part of his father's estate and was being cared for by his brother, defendant Gene Nappi. Although defendant Gene Nappi had not been officially appointed executor of his father's estate when the accident occurred, he acknowledged in pretrial

testimony that he had assumed the duty of shoveling and maintaining the premises. There was no evidence that the accident occurred while a snowstorm was in progress. Plaintiff testified that it was a light, clear and calm day. There is an issue of fact whether defendant Gene Nappi was negligent in failing to shovel the front porch and steps during the time he had an opportunity to do so. Thus, the court properly denied defendant's motion for summary judgment (see, *Newsome v Cservak,* 130 AD2d 637; *Valentine v City of New York,* 86 AD2d 381, 386-387, *affd* 57 NY2d 932).

We note that plaintiffs sued defendant Gene Nappi only in his capacity as executor of his father's estate and that, if a judgment is rendered in plaintiff's favor, it cannot lie against the estate or the executor, but only against defendant Gene Nappi individually (see, *Matter of Piccione,* 57 NY2d 278, 291, *rearg denied* 58 NY2d 824, *mot to amend remittitur denied* 58 NY2d 825; *Kirchner v Muller,* 280 NY 23, 26, 30). Accordingly, we amend the caption of the action to indicate that defendant Gene Nappi is being sued individually (see, *Martin v Talcott,* 1 AD2d 679; *see also,* CPLR 2101 [c]; *Matter of Davie Co.,* 80 AD2d 994). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Green, J. P., Pine, Balio, Lawton and Davis, JJ.