■ In the Matter of the Estate of JOHN H. CULBERSON, JR., Deceased. MARILYN G. WARNER, as Administrator of the Estate

---

of JOHN H. CULBERSON JR., Deceased, Appellant; SHIRLEY A. MICHELI et al., Respondents. [784 NYS2d 167]—

Crew III, J. Appeals (1) from an order of the Surrogate's Court of Rensselaer County (Hummel, S.), entered May 27, 2003, which, in a proceeding pursuant to SCPA 2103, denied petitioner's motion to vacate a prior order dismissing her petition, and (2) from an order of said court, entered June 18, 2004, which dismissed petitioner's proceeding for failure to prosecute.

Decedent died in December 1994 and left a will, drafted by respondent David M. Lenney, bequeathing his estate to his children and naming respondent Shirley Ann Micheli (hereinafter respondent) as his executor. Lenney and respondent thereafter allegedly refused to provide petitioner, the mother of decedent's two children, with a copy of decedent's will and/or take any steps to probate decedent's estate, prompting petitioner to apply for letters of administration, which she received in March 1996. Thereafter, in August 1996, petitioner commenced this proceeding seeking, inter alia, an order from Surrogate's Court directing inquiry and examinations pursuant to SCPA 2103.* Surrogate's Court (Lang, S.) issued such order in March 1997, and petitioner thereafter attempted on various occasions to schedule an examination before trial of respondent and other relevant witnesses. Frustrated by respondent's lack of cooperation, petitioner then requested that Surrogate's Court conduct a hearing pursuant to SCPA 2104, which originally was scheduled for April 1999. Such hearing was rescheduled on numerous occasions throughout 1999 and adjourned, with the consent of petitioner's then counsel, in October 1999. A portion of the intervening delay appears to be attributable to both petitioner and respondent obtaining new counsel.

Ultimately, in early 2000, petitioner retained her present counsel and, later that year, both respondent and Lenney were deposed, as was a nonparty witness in December 2000. During the course of those depositions, various documents apparently were requested which, as of March 2001, still had not been

* Although Lenney's name does not appear on some of the subsequent pleadings, in the absence of a formal discontinuance, we will treat him as a party for purposes of this appeal.

produced. Respondent thereafter allegedly failed to comply with petitioner's discovery requests and, in June 2002, petitioner requested that Surrogate's Court reschedule the oft-delayed SCPA 2104 hearing. Surrogate's Court (Hummel, S.), sua sponte, dismissed the proceeding for "failure to prosecute and in the interest of justice." As such dismissal was without prejudice to an application for similar relief, petitioner thereafter commenced a second proceeding seeking, inter alia, the imposition of a constructive trust, which Surrogate's Court dismissed as untimely.

Petitioner thereafter moved to vacate the June 2002 dismissal of her first petition in the interest of justice. By order entered May 27, 2003, Surrogate's Court denied petitioner's application finding, inter alia, that there was no "interest[ ] of justice" ground for vacatur set forth in CPLR 5015 and, as such, petitioner's sole remedy was to have appealed the June 2002 decision and/or moved for reargument or renewal which, as of that point in time, she had not done. Petitioner appealed Surrogate's Court's denial of her motion to vacate and, in June 2004, filed, served and appealed Surrogate's Court's June 2002 sua sponte dismissal of this proceeding. This Court then granted petitioner's motion to consolidate the foregoing appeals.

To the extent that Surrogate's Court felt constrained to deny petitioner's motion to vacate because "interest[ ] of justice" was not one of the enumerated grounds contained in CPLR 5015, the case law makes clear that the grounds for vacatur set forth therein are not exclusive (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta*, 11 AD3d 750 [2004]). Moreover, a court is vested with the inherent power to "vacate its own judgment for sufficient reason and in the interests of substantial justice" (*Woodson v Mendon Leasing Corp., supra* at 68). Accordingly, Surrogate's Court could and, for the reasons that follow, should have granted petitioner's motion to vacate.

Regardless of whether CPLR 3216 applies to this proceeding—an issue we need not decide—even a cursory review of the record reveals that petitioner did not willfully abandon the underlying proceeding. Despite the lengthy delays that ensued, the record reflects that petitioner was actively attempting to move this proceeding along—a process hindered by petitioner's and respondent's respective changes of counsel and respondent's apparent unwillingness to comply with discovery demands. To the extent that any of petitioner's three attorneys in this matter may be said to have "dropped the ball" at various stages of

this litigation, we need note only that law office failure may constitute a reasonable excuse under such circumstances (*cf. Uddaraju v City of New York*, 1 AD3d 140, 141 [2003]). Finally, given respondent's role in contributing to the delay at issue, any claim of prejudice on her part must fail. Accordingly, petitioner's motion to vacate is granted and her initial petition in this matter is reinstated. In light of this conclusion, petitioner's appeal from Surrogate's Court's sua sponte dismissal of this proceeding is academic.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order entered May 27, 2003 is reversed, on the law, without costs, motion granted and matter remitted to the Surrogate's Court of Rensselaer County for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the order entered June 18, 2004 is dismissed, as academic, without costs.