■ ELIZABETH BOYD, Appellant, v TOWN OF NORTH ELBA, Respondent. [813 NYS2d 247]—

Crew III, J.P. Appeal from an order of the Supreme Court (Sheridan, J.), entered February 1, 2005 in Essex County, which, inter alia, granted defendant's cross motion to modify a stipulation and order of settlement.

In 1997 plaintiff, then the owner of certain real property located on Mirror Lake Drive in the Town of North Elba, Essex County, commenced this action seeking to recover for damages allegedly caused by excessive flooding on her property, which purportedly resulted from defendant's installation of a sidewalk and curb on Mirror Lake Drive directly in front of plaintiff's property, as well as the existence of a pipe in a catch basin that drained in the direction of plaintiff's property. Prior to trial, in June 2002, the parties entered into a stipulation and order of settlement, pursuant to the terms of which defendant agreed to perform, at its sole expense, certain work designed to protect plaintiff's land from flooding—even in the event of a 100-year storm. Insofar as is relevant to this appeal, and in accordance with paragraph three of the stipulation and order of settlement, defendant agreed to install a new storm water drainage system to divert water away from plaintiff's property, including the installation of new catch basins and piping that would carry water across an existing storm water pipe located on property owned by Barry Maloney and Marjorie Maloney, plaintiff's neighbors, and into Mirror Lake.

Although certain of the work outlined in the stipulation and order of settlement subsequently was performed by defendant, the work outlined in paragraph three thereof was not, prompting plaintiff to move to compel specific performance of the parties' agreement. Defendant opposed such application and crossmoved for an order pursuant to CPLR 5015 (a) modifying the provisions of the stipulation and order of settlement. The stated

basis for defendant's cross motion was that certain intervening circumstances made its fulfillment of paragraph three both impossible and unnecessary and, as such, it should be relieved of its obligations thereunder in order to avoid a substantial injustice. Supreme Court denied plaintiff's motion to compel and granted defendant's cross motion, concluding that justice required that defendant be relieved from the "unnecessary and now wastefully expensive burden" of paragraph three of the stipulation and order of settlement. This appeal by plaintiff ensued.*

A stipulation of settlement is not to be cast aside lightly, particularly where, as here, such stipulation is made in open court (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Springer v Winney*, 295 AD2d 845, 846 [2002]; *Matter of Flynn v Rockwell*, 295 AD2d 672, 674-675 [2002]). Indeed, the case law makes abundantly clear that "[a] party will be relieved from compliance with an in-court stipulation only when fraud, collusion, mistake or accident is established" (*Matter of Rose BB.*, 300 AD2d 868, 869 [2002]; *see Pinkham v Pinkham*, 309 AD2d 1139, 1139-1140 [2003]). Contrary to defendant's assertion, no such showing has been made here.

Although defendant argues that the stipulation and order of settlement was premised upon certain erroneous assumptions regarding the feasibility of installing the storm water drainage system outlined in paragraph three thereof, it is apparent that any "mistake" in this regard was defendant's alone. The fact that defendant's then highway superintendent allegedly was unfamiliar with the purported maze of underground pipes and conduits located in the area where the agreed-upon work was to be performed or that its engineer based his recommendations upon site visits and field observations only is of no moment, as plaintiff had every right to assume that defendant fully explored its various options before agreeing to the work outlined in the parties' stipulation and order of settlement. Nor is the fact that the Maloneys apparently have refused to grant defendant an easement to perform the agreed-upon work dispositive or evidence of a mistake, as defendant cannot seriously argue that it was unaware of the possible need to commence an eminent domain proceeding in order to be able to perform such

---

* In the interim, plaintiff sold the property in question to Debra A. Spellman and assigned all right, title and interest in the underlying stipulation and order of settlement to Spellman. As the parties are in agreement that Spellman now is the proper party in interest, we are amending the caption of the summons and complaint, sua sponte, in accordance with our authority under CPLR 2001 to accurately identify the relevant parties (*see Albilia v Hillcrest Gen. Hosp.*, 124 AD2d 499 [1986]).

work. Accordingly, we agree with plaintiff that, on this record, defendant has not demonstrated a basis for setting aside the parties' agreement.

That said, however, it is equally apparent from a review of our case law that "a court is vested with the inherent power to 'vacate its own judgment for sufficient reason and in the interests of substantial justice' " (*Matter of Culberson*, 11 AD3d 859, 861 [2004], quoting *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]) and, further, that the grounds for vacatur set forth in CPLR 5015 are by no means exhaustive (*see Matter of Culberson* at 861; *Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta*, 11 AD3d 750, 751 [2004]). Here, defendants argue that subsequent road grading and drainage work performed by the Village of Lake Placid on Mirror Lake Drive in the vicinity of plaintiff's property has restructured the roadway in such a manner as to now cause rainwater to drain away from plaintiff's property. Hence, defendant contends that the work contemplated by paragraph three of the parties' stipulation and order of settlement is not only unnecessary but would, due to the problems associated with the Maloneys' apparent refusal to grant an easement and the existing underground pipes and conduits, prove to be exceedingly costly to the taxpayers. In support of such claim, defendant submitted affidavits from both its engineer, David Magurk, and its current highway superintendent, Norman Harlow. However, the affidavit submitted by plaintiff's engineer, H. Thomas Jarrett, cites various alleged deficiencies in Magurk's report and disagrees with Magurk's ultimate conclusion—namely, that the work performed by the Village of Lake Placid was sufficient to address the flooding problem on plaintiff's land, thereby rendering the work outlined in paragraph three of the parties' stipulation and order of settlement unnecessary. As the sufficiency of the work performed by the Village of Lake Placid and, hence, the necessity for defendant's compliance with the terms and conditions of paragraph three of the stipulation and order of settlement simply cannot be resolved on the basis of competing expert affidavits, we agree with plaintiff that Supreme Court erred in modifying the terms of the parties' stipulation and order of settlement without first affording her an evidentiary hearing in order to assess whether the aforementioned work is in fact adequate to protect her property from flooding in the event of a 100-year storm. Accordingly, Supreme Court's order is modified to that extent and this matter is remitted for an appropriate evidentiary hearing.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that

the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion; cross motion denied, caption amended to substitute Debra A. Spellman as plaintiff, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and as so modified, affirmed.