■ MARIAMA A. AZIZ, Appellant, v CITY OF NEW YORK, Respondent. [13 NYS3d 64]—

Order, Supreme Court, Bronx County (Larry A. Schachner, J.), entered February 14, 2014 granting reargument, denying plaintiff's motion for an order lifting the stay, denying amendment of the caption to substitute the administrator of plaintiff's estate, and denying plaintiff an extension of time to file the note of issue, and granting defendant's cross motion, dismissing the complaint pursuant to CPLR 3126, unanimously modified, only to the extent that the stay is lifted, and the caption is amended to substitute the plaintiff's estate representative, and is otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 23, 2013, unanimously dismissed, without costs, as academic.

Plaintiff, who resided in Ghana, claims that while visiting New York she was injured in front of a building owned by the defendant. Plaintiff returned to Ghana eight months after commencing this action in October 2004, never to return.

Although she was twice ordered by Supreme Court to appear for an independent medical examination (IME), and defendants scheduled her IME five times, accommodating her schedule, plaintiff did not honor any of these scheduled appointments, claiming, at various times, she could not obtain a travel visa, she received notification of the appointment too late to make travel arrangement, or she gave no reason at all why she failed to appear. The deadline to file the note of issue was extended to December 31, 2009, by so-ordered stipulation of the parties dated May 28, 2009.

Plaintiff did not file the note of issue by December 31, 2009, and she moved for an extension of time to do so. The parties resolved that motion by so-ordered stipulation dated January 21, 2010, providing that "plaintiff is to appear for IME by June 10, 2010" and that her time to file the note of issue was extended to July 30, 2010. Plaintiff did not appear for the IME on or before June 10, 2010 or any time thereafter. She died in Ghana on September 3, 2010.

Plaintiff's son obtained limited letters of administration on April 12, 2012. A prior motion by the City to dismiss and cross

motion by plaintiff's son for substitution were denied by order dated March 7, 2013; the denial of plaintiff's son's motion was for technical reasons (the motion was unsigned) and the denial of the City's motion was on the basis that it was brought while the case was stayed due to plaintiff's death. Plaintiff's son moved a second time for an order lifting the automatic stay in place by reason of plaintiff's death (CPLR 1021), amending the caption for his substitution as administrator, as party plaintiff (CPLR 1015), and leave to serve the note of issue. Defendant cross-moved to dismiss, based upon plaintiff's failure to appear for her IME, pursuant to CPLR 3216. Although the City opposed plaintiff's son's motion, to the extent he sought to file the note of issue indicating discovery was complete, the City did not oppose plaintiff's son's request to lift the stay to allow his substitution as party plaintiff and amendment of the caption.

In its order entered October 23, 2013, the motion court denied the motion by plaintiff's son and granted defendant's cross motion, dismissing the complaint on the basis that plaintiff had failed to appear for her scheduled IME's, thereby prejudicing defendant's defense. Plaintiff's son moved to reargue those motions and the motion court granted reargument. Upon reargument, the court adhered to its prior decision, dismissing the complaint, clarifying that the dismissal was a discovery sanction for plaintiff's failure to appear for her IMEs that had been rescheduled numerous times prior to her death. Once again, the motion court denied plaintiff's son's motion in its entirety.

The motion court should have granted plaintiff's son's motion for an order lifting the automatic stay and allowing the caption to be amended to reflect the substitution of her estate representative, as required under CPLR 1015 (a). Failure to do so divests the court of jurisdiction until a duly appointed personal representative is appointed (see *Griffin v Manning*, 36 AD3d 530 [1st Dept 2007]). However, the "jurisdictional issue can be waived under special circumstances . . . where there has been active participation in the litigation by the personal representative who would have been substituted for the decedent under CPLR 1021" (*Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819, 820 [1st Dept 1985]). Since the decedent's interests were vigorously represented by her son before the motion court (and now, on this appeal), and he should have been substituted as party plaintiff, in the absence of prejudice, we do so now (see *Schwartz v Montefiore Hosp. & Med. Ctr.*, 305 AD2d 174 [1st Dept 2003]). The caption

should be amended to substitute Abdul Rashid Aziz, as administrator for the estate of Mariama A. Aziz, plaintiff.

The balance of plaintiff's motion, which was for permission to serve the note of issue and reconsideration of the court's dismissal of the complaint, was, however properly denied. Plaintiff failed to appear for an IME between the time of defendant's initial scheduled IME request in May 2005 and her death in September 2010, notwithstanding court orders and a so-ordered stipulation whereby she agreed to appear for an IME by a date certain and the latest stipulation dated January 21, 2010 wherein she was afforded a six-month period in which to appear for IME. Such conduct provided a basis upon which the motion court, in its broad exercise of discretion (*see Zletz v Wetanson*, 67 NY2d 711, 713 [1986]), could conclude that plaintiff willfully declined to participate in an IME, and warranted dismissal of the complaint for conduct that materially frustrated the defendant's diligent attempts at seeking disclosure, without sufficient excuse (*see Henry Rosenfeld, Inc. v Bower & Gardner*, 161 AD2d 374 [1st Dept 1990]; *Xina v City of New York*, 13 AD3d 440 [2d Dept 2004]). Despite the apparent scrivener's error in mis-citing the applicable CPLR provision in the cross motion (i.e. CPLR 3216, versus CPLR 3126), it is clear from the body of the cross motion and arguments raised therein, that defendant was seeking dismissal of the complaint pursuant to CPLR 3126 as a discovery sanction. Since the court's order entered October 23, 2013 was superceded by the February 14, 2014 order entered on reargument, plaintiff's appeal from the earlier order is dismissed as academic (*Guterding v Guterding*, 55 AD2d 614 [2d Dept 1976]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.