Matter of Barone v Dufficy (2020 NY Slip Op 04938)





Matter of Barone v Dufficy


2020 NY Slip Op 04938


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-09358

[*1]In the Matter of Nina Barone, etc., petitioner,
v
Timothy J. Dufficy, etc., et al., respondents.


Law Office of Michael J. Alber, P.C., Commack, NY (Dustin Bowman of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Carly Weinreb of counsel), for respondent Timothy J. Dufficy.
Marshall M. Stern, P.C., Huntington Station, NY (Judith Donnenfeld of counsel), for respondents Gilma Posada Barone, Barone Properties, Inc., and Barone Properties II, Inc.



Proceeding pursuant to CPLR article 78 in the nature of mandamus, in effect, to compel the respondent Timothy J. Dufficy, a Justice of the Supreme Court, Queens County, to enter a final judgment in an action entitled Barone v Barone , commenced in the same court under Index No. 9162/12. Motion by the respondents Gilma Posada Barone, Barone Properties, Inc., and Barone Properties II, Inc., to dismiss the petition as time-barred.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the motion is denied; and it is further,
ORDERED that on the Court's own motion, the caption is amended to reflect that the petitioner is Nina Barone, as executor of the estate of Frank Barone; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
In 2012, Frank Barone commenced an action in the Supreme Court, Queens County, entitled Barone v Barone , under Index No.9162/12, alleging, inter alia, that he and his deceased brother had been partners in a real estate business and that he was entitled to an interest in certain properties (hereinafter the underlying action). After a nonjury trial, the Supreme Court issued a decision dated February 17, 2017, which purported to dismiss the action, as well as the defendant's counterclaim. By decision and order on motion dated March 13, 2018, this Court, among other things, dismissed the appeal from the decision dated February 17, 2017, on the ground that no appeal lies from a decision (see Schicchi v J.A. Green Constr. Co. , 100 AD2d 509). In August 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus, in effect, to compel the respondent Timothy J. Dufficy, a Justice of the Supreme Court, Queens County, to enter a final judgment in the underlying action.
As an initial matter, although the caption in the petition identified the petitioner as Jean Barone, as executor of the estate of Frank Barone, the verified petition asserts that the petitioner is Nina Barone, as executor of the estate of Frank Barone. Prior to the commencement of this proceeding, Jean Barone, who had previously been appointed as executor of the estate of Frank Barone, died, and the Surrogate's Court appointed Nina Barone as the executor of the estate of Frank Barone. Further, in September 2019, the Supreme Court substituted Nina Barone, as the executor of the estate of Frank Barone, and amended the caption of the underlying action accordingly. Under these circumstances, we amend the caption of this proceeding on the Court's own motion, to identify Nina Barone, as executor of the estate of Frank Barone, as the petitioner herein (see CPLR 2001; Rosenberg v Caban , 16 NY2d 905; Wichlenski v Wichlenski , 67 AD2d 944).
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). Here, the petitioner has failed to demonstrate a clear legal right to the relief sought.
The Supreme Court's decision dated February 17, 2017, did not direct a party to settle or submit a judgment for signature. Consequently, a judgment upon the decision "shall be entered by the clerk" without prior submission to the court pursuant to CPLR 5016(c) (see Funk v Barry , 89 NY2d 364). Accordingly, mandamus does not lie to compel the respondent Timothy J. Dufficy to enter a final judgment in the underlying action.
The respondents' remaining contentions are without merit.
CHAMBERS, J.P., COHEN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court