Cole v Safety-Kleen Sys., Inc. (2020 NY Slip Op 07833)





Cole v Safety-Kleen Sys., Inc.


2020 NY Slip Op 07833


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1252 CA 19-01354

[*1]KIMBERLY COLE, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF MARK COLE, DECEASED, PLAINTIFF-RESPONDENT,
v
SAFETY-KLEEN SYSTEMS, INC., ET AL., DEFENDANTS, AND BRENNTAG NORTHEAST, LLC, DEFENDANT-APPELLANT. 






MONTGOMERY MCCRACKEN WALKER & RHOADS LLP, PHILADELPHIA, PENNSYLVANIA (ALBERT L. PICCERILLI, OF THE PENNSYLVANIA AND NEW JERSEY BARS, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT.
LOCKS LAW FIRM PLLC, NEW YORK CITY (JANET C. WALSH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered June 24, 2019. The order denied the motion of defendant Brenntag Northeast, LLC, to dismiss the third amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Brenntag Northeast, LLC (defendant) appeals from an order denying its motion to dismiss the third amended complaint against it for lack of personal jurisdiction (see CPLR 3211 [a] [8]). Defendant's sole contention is that the New York courts cannot constitutionally exercise personal jurisdiction over it because the tortious act allegedly occurred outside New York. We reject that contention. CPLR 302 (a) (3) authorizes personal jurisdiction under certain circumstances in which the tortious act occurs outside New York, and defendant does not dispute plaintiff's assertion that CPLR 302 (a) (3) (ii) applies here. Moreover, it is well established that exercising personal jurisdiction under CPLR 302 (a) (3) will contravene the Federal Constitution only in " 'rare' " cases (D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 300 [2017], quoting Rushaid v Pictet & Cie, 28 NY3d 316, 331 [2016], rearg denied 28 NY3d 1161 [2017]; see Williams v Beemiller, Inc., 33 NY3d 523, 535 [2019, Feinman, J., concurring]), and defendant does not argue that it lacks the minimum contacts with New York necessary to satisfy the demands of the Federal Constitution (cf. Williams, 33 NY3d
at 527-531).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court