Matter of Robinson v Kathleen B. (2021 NY Slip Op 04320)





Matter of Robinson v Kathleen B.


2021 NY Slip Op 04320


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1064 CA 20-00103

[*1]IN THE MATTER OF EDWARD C. ROBINSON, ESQ., AS TEMPORARY GUARDIAN OF THE PROPERTY OF JOSEPHINE T.B., PETITIONER-RESPONDENT,
v
KATHLEEN B., RESPONDENT-APPELLANT, AND CARMEN B., RESPONDENT.






LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (TESSA R. SCOTT OF COUNSEL), FOR RESPONDENT-APPELLANT. 
DOMINICA P., RESPONDENT PRO SE. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered July 8, 2019. The order denied the motion of respondent-appellant Kathleen B. to vacate, inter alia, a prior order and judgment. 
It is hereby ORDERED that the order so appealed from is modified on the law by substituting Dominica P., as executrix of the estate of Josephine T.B., for Edward C. Robinson, Esq., as temporary guardian of the property of Josephine T.B., as the petitioner in this proceeding, and as modified the order is affirmed without costs.
Memorandum: While serving as the temporary property guardian for Josephine T.B., petitioner (hereafter, guardian) filed a turnover petition that sought, inter alia, to compel respondents to return a sum of money that allegedly belonged to Josephine (see Mental Hygiene Law § 81.43). Following a hearing at which respondents did not appear, Supreme Court granted the petition, directed respondents to deliver $100,760.12 to the guardian, and entered judgment jointly and severally against both respondents for that sum. Respondent Kathleen B. subsequently moved to vacate, inter alia, the court's order and judgment against her for lack of personal jurisdiction (see CPLR 5015 [a] [4]). The court denied Kathleen's motion to vacate, and she now appeals from that order.
We note at the outset that, in the order appealed from, the court erroneously used the caption from a prior proceeding concerning the appointment of Josephine's guardian, and we therefore amend the caption to reflect the names of the parties and the nature of this proceeding at its inception (see generally Boyd v Town of N. Elba, 28 AD3d 929, 930 n [3d Dept 2006], lv dismissed 7 NY3d 783 [2006]; Nappi v Nappi, 181 AD2d 1067, 1068 [4th Dept 1992]).
We must next address another minor technical issue that the parties did not raise either in the motion court or on appeal. Josephine died at some point before the entry of the order on appeal, and the executrix of her estate, Dominica P., was never formally substituted as the petitioner in this proceeding. There is no dispute, however, that Dominica was properly served with Kathleen's motion to vacate, and Dominica never objected to adjudicating Kathleen's motion in the absence of a formal substitution order. To the contrary, Dominica—acting in her capacity as the executrix of Josephine's estate—appeared and successfully opposed Kathleen's motion on the merits. Dominica likewise appeared in this Court to oppose Kathleen's appeal. Because Dominica appeared and actively litigated Kathleen's motion on the merits, it is well established that any "defect in failing to first effect substitution was a mere irregularity" (Wichlenski v Wichlenski, 67 AD2d 944, 946 [2d Dept 1979]; see Matter of Panchame v Staples, Inc., 178 AD3d 1174, 1176 n [3d Dept 2019]; Aziz v City of New York, 130 AD3d 451, 452 [1st [*2]Dept 2015]; Matter of Sills v Fleet Natl. Bank, 81 AD3d 1422, 1423 [4th Dept 2011]). Moreover, to formally correct this irregularity, we now modify the order by substituting Dominica as the petitioner in this proceeding (see CPLR 2001; Matter of Barone v Dufficy, 186 AD3d 1358, 1359-1360 [2d Dept 2020]; Durrant v Kelly, 186 AD2d 237, 237-238 [2d Dept 1992], appeal dismissed 81 NY2d 758 [1992]; Wichlenski, 67 AD2d at 946; see also Aziz, 130 AD3d at 452).
Our dissenting colleagues would dismiss the appeal under these circumstances. We respectfully disagree. It is true, as the dissent notes, that a legal ruling made after the death of a party and without proper substitution "will generally be deemed a nullity" (Vapnersh v Tabak, 131 AD3d 472, 473 [2d Dept 2015] [emphasis added and internal quotation marks omitted]). As we noted above, however, all four Departments of the Appellate Division have recognized that the "general[]" rule articulated in Vapnersh does not apply when, as here, the decedent's proper successor appears and actively litigates on behalf of the decedent's interests (see Panchame, 178 AD3d at 1176 n; Aziz, 130 AD3d at 452; Sills, 81 AD3d at 1423; Wichlenski, 67 AD2d at 946). The foregoing exception—which fits this case perfectly—allows a court to acknowledge and ratify a de facto substitution that already occurred. Notably, the cases upon which the dissent relies did not feature active litigation by the decedent's proper successor, and the dissent does not explain its unwillingness to apply the de facto substitution exception here.
As to the merits of this appeal, we agree with Kathleen that all three of the court's rationales for denying her motion to vacate were erroneous. First, contrary to the court's determination, the substantive merit of the guardian's turnover petition could not, standing alone, confer personal jurisdiction over Kathleen. As the United States Supreme Court once observed, "[t]he question of jurisdiction of course precedes any inquiry into the merits" (Oregon v Hitchcock, 202 US 60, 68 [1906] [emphasis added]).
Second, even if a person could theoretically consent to personal jurisdiction by the mere act of sending a letter about the case to opposing counsel (compare Matter of Kimball, 155 NY 62, 69-71 [1898] with Cohen v Ryan, 34 AD2d 789, 789-790 [2d Dept 1970]), it is well established that such a letter will not be deemed to consent to personal jurisdiction so long as it makes such a jurisdictional objection among its points (see Matter of Katz, 81 AD2d 145, 147-149 [2d Dept 1981], affd for reasons stated 55 NY2d 904 [1982]; Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163, 1166 [3d Dept 2007]; Matter of Hauger v Hauger, 275 AD2d 953, 954 [4th Dept 2000]). Thus, contrary to the court's determination, Kathleen's pre-hearing letter to the guardian did not consent to personal jurisdiction because the letter explicitly objected to exercising personal jurisdiction over her in this proceeding (see Katz, 81 AD2d at 149).
Third, and contrary to the court's final determination, Kathleen's alleged appearance in a separate criminal action arising from the same underlying facts is irrelevant to the existence of personal jurisdiction over her in this Mental Hygiene Law § 81.43 turnover proceeding. It is well established that a party's "position in a different case, in a different forum, with different [opponents] . . . has no bearing on whether personal jurisdiction exists over [that party] in this case" (Dumler v Wright Med. Tech., Inc., 2018 WL 576848, *8 [ND Iowa, Jan. 26, 2018, No. C71-2033-LTS]; see Klinghoffer v S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 937 F2d 44, 50 n 5 [2d Cir 1991]; Pinto-Thomaz v Cusi, 2015 WL 7571833, *6 [SD NY, Nov. 24, 2015, 15-cv-1993 (PKC)]). Indeed, we "know[] of no authority for the assertion that personal jurisdiction over a [party] in one case confers personal jurisdiction over the [party] in a separate case" (Kim v Magnotta, 49 Conn App 203, 210, 714 A2d 38, 42 [1998], revd on other grounds 249 Conn 94, 733 A2d 809 [1999]).
Despite the court's erroneous analysis, the denial of Kathleen's motion to vacate was nevertheless proper because it lacked merit (see generally PNC Bank, N.A. v Steinhardt, 159 AD3d 999, 1000 [2d Dept 2018]; Caracaus v Conifer Cent. Sq. Assoc., 158 AD3d 63, 74 [4th Dept 2017]). First, Kathleen argues that the court lacked jurisdiction over her in the turnover proceeding because the notice of petition and petition did not name her as a respondent thereto. That contention is factually incorrect; Kathleen was explicitly named as a respondent to the proceeding within the body of both the notice of petition and the petition (cf. Matter of Loretta I., 34 AD3d 480, 482 [2d Dept 2006]). Although Kathleen's name was not included in the caption of either pleading, that omission was a mere irregularity that did not prejudice her (see CPLR [*3]2001; Weiss v Markel, 110 AD3d 869, 871 [2d Dept 2013]; Matter of Theresa BB. v Ryan DD., 64 AD3d 977, 977 n [3d Dept 2009], lv denied 13 NY3d 707 [2009]; see also Martin v Witkowski, 158 AD3d 131, 139 [4th Dept 2017]; see generally Matter of Great E. Mall v Condon, 36 NY2d 544, 549 [1975]).
Second, Kathleen contends that the court lacked personal jurisdiction over her in the turnover proceeding because she was never served with the underlying notice of petition and petition. Kathleen's affidavit in support of her motion to vacate, however, did not deny service of those pleadings. Although Kathleen's attorney asserted in various submissions that Kathleen had not been served, the attorney's claim was not made on personal knowledge and was therefore inadmissible (see e.g. Dae Hyun Chung v Google, Inc., 153 AD3d 494, 495 [2d Dept 2017]). Given Kathleen's failure to "submit an affidavit from one with personal knowledge denying receipt of the [notice of petition] and [petition]," she is not entitled to vacatur of the resulting order and judgment on that ground (State of New York v Mappa, 78 AD3d 926, 927 [2d Dept 2010]; see Selene Fin. LP v Okojie, 57 Misc 3d 1214[A], 2017 NY Slip Op 51430[U], *3 [Sup Ct, Suffolk County 2017]; see also Simonds v Grobman, 277 AD2d 369, 369 [2d Dept 2000]; see generally Matter of Jean G.S., 59 AD3d 998, 998-999 [4th Dept 2009]).
Third, Kathleen contends that the New York courts lacked personal jurisdiction over her in the turnover proceeding because she was a Nevada resident when the proceeding was commenced. We reject that contention. New York courts may "exercise personal jurisdiction over a non-domiciliary [where] two requirements are satisfied: the action is permissible under the long-arm statute (CPLR 302) and the exercise of jurisdiction comports with due process" (Williams v Beemiller, Inc., 33 NY3d 523, 528 [2019]), and Kathleen does not argue that exercising personal jurisdiction over her would contravene either CPLR 302 or due process. Thus, the mere fact that Kathleen was a Nevada resident when the proceeding was commenced does not relieve her from the resulting order and judgment (see generally Cole v Safety-Kleen Sys., Inc., 189 AD3d 2168, 2169 [4th Dept 2020]).
All concur except Peradotto, J.P., and Carni, J., who dissent and vote to dismiss the appeal in the following memorandum: We dissent and would dismiss this appeal because, in our view, the failure to substitute Josephine T.B.'s estate as the petitioner prior to entry of the order appealed from requires us to dismiss the appeal without reaching its merits. "The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015 (a). Moreover, any determination rendered without such substitution will generally be deemed a nullity" (Vapnersh v Tabak, 131 AD3d 472, 473 [2d Dept 2015] [internal quotation marks omitted]; see Vicari v Kleinwaks, 157 AD3d 975, 976 [2d Dept 2018]; Giroux v Dunlop Tire Corp., 16 AD3d 1068, 1069 [4th Dept 2005]). Here, Supreme Court's decision underlying the order appealed from indicates that Josephine died prior to the entry of that order. Thus, at the time of her death and without substitution, "[the court] lacked jurisdiction to act, its order is a nullity, and this Court lacks jurisdiction to consider . . . the appeal[] from that order" (Pavone v Walters, 214 AD2d 1052, 1052 [4th Dept 1995]). Although the majority holds that there is an exception to the rule that "fits this case perfectly," it cites no decision from this Department overlooking such a defect where a party has died before the court below reached its decision, where substitution was never sought at any time prior to entry of the order or judgment below or prior to the matter being submitted to this Court on appeal, and where no party addressed the substitution issue either below or on appeal. Under such circumstances, we would not overlook the failure to substitute, and would dismiss the appeal so that any motion for substitution could be resolved by the court below. To that end, because the parties have not themselves addressed the issue of substitution, it is unclear on this record whether the party who the majority would substitute is in fact still the executrix of the estate of Josephine T.B. Indeed, it is unclear whether that estate is still open.
Finally, we note that the captions on the order appealed from, Kathleen B.'s underlying notice of motion to vacate the prior order and judgment, and the prior order and judgment itself were as follows:
In the matter of the application of
DOMINICA [P.],
Petitioner,
Pursuant to Article 81 of the Mental Hygiene
Law for the Appointment of a Guardian
of the Person and Property of
JOSEPHINE T. [B.],
A person alleged to be incapacitated.
Although the majority submits that it is merely amending the caption to, inter alia, "reflect the names of the parties," no prior caption in the proceeding to vacate the order and judgment or in the proceeding that resulted in the order and judgment listed Edward C. Robinson, Esq., Carmen B., or Kathleen B. as a party, and, indeed, throughout the order appealed from the court explicitly referred to Kathleen B. as "nonparty Kathleen [B.]" While the majority cites to authority allowing this Court to amend a caption erroneously reflecting the capacity in which a named party is being sued (see Nappi v Nappi, 181 AD2d 1067, 1068 [4th Dept 1992]) or where "the parties are in agreement that" another person has replaced a named party as the proper party in interest (Boyd v Town of N. Elba, 28 AD3d 929, 930 n [3d Dept 2006], lv dismissed 7 NY3d 783 [2006]), this is not such a case. Instead, here, the majority is sua sponte amending a caption to include as a party a person never so named in any caption, that even the court below identified as a nonparty, and whom herself contended was not a party. We also note that, although the majority states that "in the order appealed from, the court erroneously used the caption from a prior proceeding concerning the appointment of Josephine's guardian," the court below used the same caption as appears on the order and judgment that Kathleen B. sought to vacate.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court